56 So.2d 413

**HOUEYE v. ST. HELENA PARISH SCHOOL BOARD.**

No. 39369.

Dec. 10, 1951.

Rehearing Denied Jan. 14, 1952.

Ellis H. Bostick, Jr., Amite Ellis, Ellis & Lancaster, and Frank B. Ellis, all of New Orleans, George Spencer, Tallulah, for plaintiff-appellant.

Joseph A. Sims, Dist. Atty., Hammond, Duncan S. Kemp, Asst. Dist. Atty., Amite, Erlo J. Durbin, Asst. Dist. Atty., Denham Springs, Reid & Reid, Hammond, for defendant-appellee.

HAMITER, Justice.

Emmett Erwin Houeye, the plaintiff herein, is appealing from a judgment dismissing his suit, the district court having sustained a plea of prescription of one year and also exceptions of no right and no cause of action tendered by defendant, the St. Helena Parish School Board. The suit is the second brought by him to obtain reinstatement as principal of Woodland High School in St. Helena Parish and to recover back salary allegedly due.

The first action was instituted May 29, 1946, following the School Board's adoption on April 10, 1946 of a resolution discharging plaintiff. It was a summary proceeding, he praying therein for the issuance of the writ of mandamus to compel the providing of the relief sought. To the petition defendant filed exceptions of no right and no cause of action which were overruled. The district court then heard the case on the merits and rendered a judgment in favor of plaintiff in accordance with his prayer. The School Board appealed to this court, reurging its exceptions. On April 26, 1948, we sustained the exceptions and ordered the suit dismissed, our ruling being that plaintiff's demands should have been urged in an ordinary action, not in a mandamus proceeding. A rehearing was denied June 1, 1948. See 213 La. 807, 35 So.2d 739.

On June 11, 1948, plaintiff brought the present ordinary action, making factual allegations identical with those contained in the petition of the original mandamus proceeding. The district court, as above shown, dismissed this suit on defendant's plea of prescription and exceptions of no right and no cause of action. The instant appeal followed.

Under the sustained plea of prescription defendant takes the position that since more than one year elapsed between the date of plaintiff's discharge (April 10, 1946) and the institution of the present action (June 11, 1948) the demand is barred by the provisions of LSA–R.S. of 1950, 17:443, Section 48 of Act No. 100 of 1922, as amended by Act No. 250 of 1944 and Act No. 297 of 1946, reading: "If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of wilful neglect of duty, or of incompetency, of dishonesty, and ordered removed from office, or disciplined by the board, the teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. * * *"

The position so taken by defendant overlooks plaintiff's institution of the first

suit on May 29, 1946 (some 49 days after the discharge) and its pendency until June 1, 1948 (10 days prior to the filing of this action). When consideration is given to the existence of that first suit, which apprised defendant fully of the same facts and claim now pleaded by plaintiff, it is clear that thereby the mentioned statutory prescription was interrupted and that this action was timely brought. Reeves v. Globe Indemnity Company of New York, 185 La. 42, 168 So. 488; Callender v. Marks, 185 La. 948, 171 So. 86; Jackson v. American Employers' Insurance Company, 202 La. 23, 11 So.2d 225; Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209; Allen et al. v. Yantis, La.App., 190 So. 236; Muhleisen et al. v. Eberhardt, La. App., 21 So.2d 235; LSA–R.S. of 1950, 9:5801, Act No. 39 of 1932.

 merit is the argument of defense counsel that plaintiff pursued the remedy of taking an appeal to the district court from the ruling of the School Board and, consequently, governing here are the rules respecting appeals, not the general doctrine relative to interruption of prescription in ordinary suits. True, the statute provides that the discharged teacher may "petition a court of competent jurisdiction for a full hearing to review the action of the school board". Obviously, however, this provision contemplates only the institution of an ordinary suit, by regular petition and citation, and, after the filing of an answer by the school board, a trial of the merits of the controversy.

 According to Code of Practice, Article 564, "An appeal is the act by which one of the parties to a suit has recourse to a superior tribunal, in order to have the judgment of an inferior court corrected." The St. Helena Parish School Board, it seems certain, is not an inferior court within the meaning of this article.

 For us to hold that the filing of the petition constitutes the taking of an appeal from a quasi court (the School Board) to the district court, as defense counsel would have us do, we also would have to hold erroneously that there is no right of appeal from the judgment of the latter court. The obtaining of two appeals from separate tribunals in a single cause is unauthorized in our law.

Defense counsel, in support of their argument, cite and rely on Teche Lines, Inc. v. Louisiana Public Service Commission et al., 203 La. 604, 14 So.2d 460. That case is not applicable for the simple reason that the above discussed issue respecting the interruption of prescription was not raised or determined therein.

Our opinion is, therefore, that the plea of prescription should have been overruled.

The same is to be said of defendant's exceptions of no right and no cause of action which were sustained by the district court. These exceptions are grounded on the contention that plaintiff, by his laches, has permitted the public fisc to become involved. And invoked in this con-

nection is a doctrine (applied in a few cases) that a discharged employee of a public body will be denied relief where he sits idly by for an unreasonable length of time without pressing his claim, thereby leading the officials of the public body to believe that he had acquiesced in their action and justifying their employing another in his place and stead.

 From the pleadings of the present action, as well as from the record of the first suit, that doctrine appears to be inappropriate here. Plaintiff filed the first suit only 49 days after the adoption of the discharge resolution and he prosecuted it diligently to a conclusion in this court. Ten days after the finality of our decree, unfavorable to him because of the improper summary proceedings to which he had resorted, he brought the present ordinary suit. Hence, it cannot be correctly said that an unreasonable length of time elapsed without his claim being pressed.

That he failed to bring the proper action originally could not, under the circumstances, warrant a holding that he was guilty of laches. Prior to that time most, if not all, claims similar to the one made by this plaintiff had been urged in mandamus proceedings without any issue having been raised therein as to the proper form of action.

For the reasons assigned the judgment appealed from is annulled and set aside, defendant's plea of prescription and exceptions of no right and no cause of action are overruled, and the case is remanded to the district court for further proceedings according to law.

MOISE, J., takes no part.