HERGET, Judge.
This matter is before the Court on a motion filed by the City of Baton Rouge to dismiss the appeal taken from the judgment of the Nineteenth Judicial District Court reversing in part and affirming in part the decision of the Baton Rouge Municipal Fire and Police Civil Service Board.
LSA-R.S. 33:2501 makes provision for appeal by an aggrieved party from a decision of a municipal fire and police civil service board. Particularly it is provided therein, “ * * * This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled. * * * ”
Article 14, Section 15.1, paragraph 31 of the Constitution of Louisiana is a word for word reproduction of LSA-R.S. 33:2501 with the exception that, no doubt through an act of omission, the provision of the statute, quoted supra, fixing the jurisdiction for appeal was not included therein. The constitutional article provides for appeal by an aggrieved party, though makes no provision whatever for the forum to which such appeal is directed.
Since the statute places the forum for the appeal in the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled, it is obvious such court is the district court and it is the forum to which the appeal must be directed. And, inasmuch as the judgment of the district court reviewing a municipal fire and police civil service board’s ruling is final, the only additional remedy afforded to a litigant dissatisfied with the ruling of the district court is by way of an application to the Supreme Court of Louisiana for remedial writs. LSA-Const. Article 7, Section 29 (as amended Acts 1958, No. 561, adopted Nov. 4, 1958). Marchiafava v. Baton Rouge Municipal Fire and Police Civil Service Board (1957) 233 La. 17, 96 So.2d 26; State ex rel. Leahy v. Third Justice of the Peace, 27 La.Ann. 669; Houeye v. St. Helena Parish School Board, 220 La. 252, 56 So.2d 413; Ilardo v. Agurs, 226 La. 613, 76 So.2d 904.
Appeal dismissed.