183 So.2d 451 (1966)
CITY OF LAKE CHARLES, Louisiana, et al., Plaintiffs-Appellants,
v.
LAKE CHARLES FIRE FIGHTERS ASSOCIATION et al., Defendants-Appellees.
No. 1627.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1966.
Rehearing Denied March 9, 1966.
*452 Rogers, McHale & St. Romain, by Robert McHale, Lake Charles, for plaintiffs-appellants.
Nathan A. Cormie, Lake Charles, for defendants-appellees.
Before TATE, FRUGE and HOOD, JJ.
FRUGE, Judge.
Petitioners are appealing from a judgment dismissing their suit, the district court having sustained a plea that notice of the appeal was not timely filed. The appeal to the district court was from an adverse decision rendered by the Lake Charles Municipal Fire and Police Civil Service Board.
Appellees have filed a motion to dismiss the appeal, contending that this court lacks appellate jurisdiction to hear this case.
This cause of action first arose on July 2, 1964, when the then mayor of the City of Lake Charles directed the fire chief of said city to assign someone in his department to perform certain duties incidental to fire inspection. However, at that time there was no formal position or classification of fire inspector for the Lake Charles Fire Department. By letter dated August 14, 1963, counsel for the Lake Charles Fire Fighters Association Local No. 561 and the Central Trades and Labor Council petitioned the Lake Charles Municipal Fire and Police Civil Service Board, in accordance with the Louisiana Municipal Fire and Police Civil Service Law, alleging the action taken by the city officials was in willful violation of the Civil Service Law and requesting a ruling from said board
The board notified petitioners of the calling of the hearing and on January 24, 1964, convened and issued a ruling in which it ordered the city officials to discontinue such appointments to any non-existent positions unless legal intent to creat the same was shown in accordance with the Civil Service Law. Petitioners, upon receipt of said ruling, immediately complied with the order.
On February 5, 1964, counsel for the complaining unions petitioned the board by letter for a rehearing for the purpose of rendering a supplemental or clarifying decision, alleging that the board did not specifically rule on the question of whether petitioners were in willful violation of the Civil Service Law. On May 22, 1964, the board convened and issued a supplemental ruling as prayed for by the complaining unions and by letter dated June 1, 1964, petitioners were so notified.
*453 On June 30, 1964, petitioners gave written notice to the board that an appeal was to be taken to the district court in compliance with LSA-R.S. 33:2501.
The district court heard the appeal and dismissed said appeal on the ground that the notice of appeal was made after thirty days from entry of the board's decision and so was not timely filed.
Petitioners' basis for appeal to this court is that they did not receive notice of the May 22, 1964 decision until June 1st and it was from that date that the thirty day prescriptive period to take an appeal should begin to run.
LSA-R.S. 33:2501 states that notice of the appeal must be made within thirty days from the entry of the board's decision.
Black's Law Dictionary, 4th ed., defines "entry" as, "The act of making or entering the record, a setting down or writing of particulars." Volume 30 C.J.S., p. 724, defines "entry" as, "* * * [T]he act of setting down or causing to be set down in writing; recording or causing to be recorded in due form; a statement of a conclusion reached by the court, of an act done during progress of a cause, which is spread of record, and designed to furnish incontestable evidence of the matter stated."
Thus entry may be defined as a ministerial act of recording a statement of a final decision reached by a court or a quasi-court in the matter before it.
When the Lake Charles Municipal Fire and Police Civil Service Board reached its decision and this decision was recorded in the Minutes of the meeting on May 22, 1964, the tolling of prescription for the appeal began.
Based on the record as a whole, this court must conclude that the entry of the board's decision was made at the meeting held on May 22, 1964, and so the tolling of prescription began as of that date.
This court is of the opinion that the lower court's decision that the appeal was not filed timely was correct, and it is therefore affirmed.
Although we affirm the dismissal of the appeal from the board ruling of May 22, we note the serious contentions that such supplemental ruling of a willful violation of the civil service statute was a nullity and completely void because rendered without notice and hearing, because unauthorized by law as a procedure, because rendered in absence of a valid quorum, or because rendered in direct contradiction of the original January ruling (which the May ruling allegedly supplemented) that the petitioners would be in willful violation (with serious statutory penalties) only if they failed to comply within three days with the board's ruling that they discontinue the appointment in question (following which the petitioners did immediately comply). By our affirmance, we have held only that the appeal was not timely; we expressly do not intend to hold that the May, 1964, ruling is valid nor that in appropriate proceedings the petitioners are barred from attacking the ruling's enforcement or effect as void or voidable.
While we affirm the lower court's ruling that the appellants did not file their appeal timely, the appellees have argued that a court of appeal is without jurisdiction to entertain an appeal from a judgment of the district court reviewing a ruling of a municipal fire and police civil service board. It is their contention that the appeal in the instant suit does not fall into any of the categories of Article 7, Section 29, of the Louisiana Constitution,[1] and thus this *454 court has no appellate jurisdiction in this case. Appellees argue that since LSA-R.S. 33:2501 specifically provides that such an appeal "shall lie direct to the court of original or unlimited jurisdiction in civil suits of the parish wherein the board is domiciled," then the district court hears the suit as an appellate court, and if additional relief is sought, the only remedy is by way of application to the Supreme Court for remedial writs.
It is our belief that the Supreme Court rejected this argument (Houeye v. St. Helena Parish School Board, 220 La. 252, 56 So.2d 413) insofar as holding that an appeal from a quasi-court to a district court was only an appeal as of right, pointing out that literally an appeal applies to a review of an inferior court's action and that an administrative agency is not a court. See LSA-C.C.P. Art. 2082:
"Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court."
If this be true, then the institution in the civil district court of the "appeal" from the civil service board is, with regard to the judiciary department, simply the institution of a civil matter (not an appeal). Thus, the district court did have exclusive original jurisdiction of such type of civil matters (appeals from the civil service boards), and therefore the courts of appeal have jurisdiction of appeals from the judgment of a district court in such civil suits by reason of the provisions of Article 7, Section 29 of the Louisiana Constitution, which states that our appellate jurisdiction extends to "all civil and probate matters of which the district courts throughout the state have exclusive original jurisdiction * * *."
In so ruling that we have jurisdiction to hear this appeal from the Lake Charles Municipal Fire and Police Civil Service Board, we are cognizant that we are ruling contrary to the First Circuit Court of Appeal. See City of Baton Rouge v. Gourney, La.App. 1 Cir., 160 So.2d 290, 291 (1964).
For the aforesaid reasons, the judgment of the district court that notice of the appeal was not timely filed is hereby affirmed. Costs of these proceedings are to be taxed against the appellants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] Article 7, Sec. 29 of the Louisiana Constitution provides that the courts of appeal of this state have appellate jurisdiction of "all matters appealed from the family and juvenile courts, except criminal prosecutions against persons other than juveniles; all civil and probate matters of which the district courts throughout the state have exclusive original jurisdiction * * *."