REID, Judge.
ON MOTION TO DISMISS AN APPEAL
This matter is before this Court on a motion to dismiss an appeal taken by the Houma Municipal Fire and Police Civil Service Board and the City of Houma from a judgment of the 17th Judicial District Court for the Parish of Terrebonne, ordering the City of Houma to reinstate Elias J. Trosclair and Bennie S. Bourg in the position that they held in the Houma Fire Department previous to six o’clock A. M. September 6, 1966 with all salaries, benefits, and emoluments that may have accrued since that time.
The facts are that Trosclair and Bourg were regularly and permanently inducted into the positions of Fire Driver and Fire Captain respectively in the classified service of the Houma Fire Department.
Trosclair and Bourg respectfully requested the Houma Municipal Fire and Police Civil Service Board to investigate certain acts of misconduct in performance of duty allegedly committed by the Fire Chief of Houma. The Civil Service Board ordered an investigation of these charges to take place on September 2, 1966.
At the outset of this investigation the Civil Service Board announced a certain procedure which would be followed in conducting the investigation. Counsel for Bourg and Trosclair were not allowed to question their clients or any of their witnesses and were not allowed to make any objections.
On advice of their counsel and after making an objection to the procedure being used by the Board Bourg and Tros- *294 clair withdrew from the investigation, refusing to participate any further therein with the intention to show that they did not consent to the procedure being used by the Board. Immediately after the investigation was terminated the Board of Aider-men of the City of Houma met and voted unanimously to fire Trosclair and Bourg. They were duly notified by a letter from the Mayor dated September 3, 1966 that their services would be terminated as of six o’clock A. M. Monday, September 6, 1966.
Bourg and Trosclair appealed to the 17th Judicial District Court and said District Court on February 8, 1967 reversed the action of the Houma Municipal Fire and Police Civil Service Board and ordered Bourg and Trosclair reinstated. From this judgment the City of Houma and the Houma Municipal Fire and Police Civil Service Board have taken an appeal to this Court.
The appellees, Trosclair and Bourg, then filed this motion to dismiss the appeal on the ground that the Louisiana Courts of Appeal are without jurisdiction to hear matters of this nature.
This motion is predicated upon a decision rendered by this Court in the City of Baton Rouge v. Gourney, La.App. 1st Cir., 160 So. 2d 290. In this decision we held that the Louisiana Courts of Appeal do not have jurisdiction of appeals within the realm of LSA-R.S. 33:2501 and Art. 14 Sec. 15.1 of the Louisiana Constitution. In this case, Judge Herget being the organ of the Court held as follows:
“LSA-R.S. 33:2501 makes provision for appeal by an aggrieved party from a decision of a municipal fire and police civil service board. Particularly it is provided therein, “ ‘ * * * This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled. * * * ’ »
Article 14, Section 15.1 paragraph 31 of the Constitution of Louisiana is a word for word reproduction of LSA-R.S. 33:2501 with the exception that, no doubt through an act of omission, the provision of the statute, quoted supra, fixing the jurisdiction for appeal was not included therein. The constitutional article provides for appeal by an aggrieved party, though makes no provision whatever for the forum to which such appeal is directed.
Since the statute places the forum for the appeal in the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled, it is obvious such court is the district court and it is the forum to which the appeal must be directed. * * * ”
Since the decision in City of Baton Rouge v. Gourney, supra, our Learned Brothers of the Third Circuit have held that the Courts of Appeal do have appellate jurisdiction in appeal from municipal civil service boards. The first case, City of Lake Charles v. Lake Charles Fire Fighters Association, La.App.3rd.Cir., 183 So.2d 451 (1966). This decision on the question of jurisdiction to hear appeals from municipal fire and police civil service boards is based on LSA-R.S. 33:2501, LSA-CCP Art. 2082 and LSA Constitutional Articles 7, Sec. 29.
Since LSA-R.S. 33:2501 has been set out in the decision of Judge Herget in City of Baton Rouge v. Gourney, supra, we do not think it needs any further comment, other than to say that the Court of the original and unlimited jurisdiction in civil suits in Terrebonne Parish is the 17th Judicial District Court.
LSA-C.C.P. Art. 2082 reads as follows:
“Art. 2082. Definition of appeal
An appeal is the exercise of the right of a party to have a judgment in a trial court revised, modified, set aside, reversed by an appellate court.”
*295 Article 7, Section 29 of the Constitution of 1921 of Louisiana reads as follows:
“29. Jurisdiction.
Section 29. The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts.”
You will note that the concluding sentence of this Article reads as follows:
“[Ejxcept as otherwise provided in this Constitution.”
In this connection Article 14, Section 15.1 paragraph 31 of the Constitution of Louisiana does not fix the jurisdiction for appeal. However, it is almost a duplicate of LSA-R.S. 33:2501, which places the jurisdiction in the Court of original and unlimited jurisdiction of civil suits.
The decision of the Third Circuit in City of Lake Charles v. Lake Charles Fire Fighters Association, supra, states in ruling that they have jurisdiction to hear this appeal, that they are cognizant that they are ruling contrary to the First Circuit Court of Appeals in the City of Baton Rouge, v. Gourney, supra.
The Third Circuit reiterated its holding in the case of City of Lake Charles v. George, La.App., 185 So.2d 872.
Since there is a difference of opinion between the First and Third Circuits on this question we feel it our duty to follow our decision in the case of City of Baton Rouge v. Gourney, supra.
For the foregoing reasons it is ordered that the motion to dismiss the appeal be maintained and that the appeal filed herein by the Houma Municipal Fire and Police Civil Service Board and the City of Houma be dismissed at their costs.
Motion to dismiss maintained and appeal dismissed.