209 So.2d 1

Elias J. TROSCLAIR and
Bennie S. Bourg

v.

**HOUMA MUNICIPAL FIRE AND POLICE
CIVIL SERVICE BOARD and
the City of Houma.**

No. 48859.

March 25, 1968.

Rehearing Denied April 29, 1968.

Philip J. McMahon, Ted J. Borowski, Houma, for defendants-appellants.

Thomas A. Cenac, Houma, for respondents.

FOURNET, Chief Justice.

We granted a writ of certiorari, 251 La. 56, 202 So.2d 660, on the application of the defendants, Houma Municipal Fire and Police Civil Service Board, hereinafter referred to as the Board, and the City of Houma, in order to review the judgment of the Court of Appeal for the First Circuit dismissing their appeal to that court from a judgment of the Seventeenth Judicial District Court reversing the action of the Board which had affirmed the dismissal of plaintiffs, Elias Trosclair and Bennie Bourg, and ordered their reinstatement to their prior positions as Fire Driver and Captain respectively, 200 So.2d 293.

In the opinion dismissing this appeal the Court of Appeal points out that since their holding in City of Baton Rouge v. Gourney, 160 So.2d 290, that the courts of appeal of this state were without appellate jurisdiction over decisions of the civil service board, the Third Circuit Court of Appeal held to the contrary in City of Lake Charles v. Lake Charles Fire Fighters Association, 183 So. 2d 451.[1] It nevertheless followed its former decision. The primary reason for granting this writ was this conflict in the jurisprudence of the two courts of appeal on a question not yet decided by this court. Article 7, Section 11, Louisiana Constitution.

We think the ruling of the Court of Appeal dismissing the appeal is correct. As reflected hereinbelow the proceedings involving civil service employees are sui generis. Pettit v. Reitzell, 202 La. 12, 11 So.2d 13; State ex rel. Whitfield v. Municipal Fire and Police Civil Service Bd. of the City of Monroe, 211 La. 963, 31 So.2d 178. See also, 4 C.J.S. Appeal and Error § 49, p. 182, Shideler v. Martin, 192 Ind. 574, 136 N.E.

---

1. The Third Circuit Court of Appeal took cognizance of the Gourney case but felt that the decision was in conflict with the holding of this court in Houeye v. St.

Helena Parish School Board, 220 La. 252, 56 So.2d 413. A mere perusal of that case discloses that it is inapposite from a factual as well as a legal standpoint.

1, 137 N.E. 528; In re State ex rel. Employment Security Com'n., 234 N.C. 651, 68 S.E.2d 311; Bowen v. Department of Social Security, 14 Wash.2d 148, 127 P.2d 682.

When the people approved Act 302 of the legislature of 1952 in the general election in November of that year, the civil service system previously created by the legislature of Louisiana was incorporated into the constitution substantially as in existence at the time and added to Art. 14 under Section 15.1. In doing so the classified civil service was created embracing regularly paid fire and police departments and established the tenure of these employees during good behavior subject to discipline and removal for the causes enumerated in the constitution and then only by furnishing a statement in writing of the action and complete reasons therefor to the employee and the municipal fire and police civil service board, created (paragraph 6) for the purpose of carrying out the objects and purpose of the civil service act, (paragraph 7) including the conduction of hearings and investigation when demanded in writing by an employee claiming he has been discharged or disciplined without just cause within 15 days from the disciplinary action. In addition to outlining the procedure to be followed by the board in these proceedings, it is provided that in event of an adverse ruling by the board either the employee or the appointing authority may appeal there-

from to the designated court (which according to R.S. 33:2501 is "the court of original and unlimited jurisdiction in civil suits of the parish where the board is domiciled") upon serving the board, within thirty days after entry of its decision, a written notice of appeal, stating the grounds thereof and demanding that a certified transcript of the record or written findings of fact with all papers on file with the board relating thereto be filed with the court. This appeal, however, is limited "to the determination of whether the decision made by the board was made in good faith for cause." (paragraph 31) In conclusion the provisions are deemed self-executing and self-operative and the officials designated are authorized to carry the same into effect. (paragraph 39.)

■ Thus, it may be seen the right of appeal to the courts of appeal under Article 7, Section 29 of the Louisiana Constitution which extends to "all civil and probate matters of which the district courts throughout the state have *exclusive original* jurisdiction" except those cases of which the Supreme Court is given appellate jurisdiction cannot apply in this case, for in civil service cases the district court is only granted a *limited jurisdiction* which are not initiated by petition and citation and, as stated above, are limited to a review of the action of the Board on the record as made up there whether the disciplinary action or removal

was in good faith and for just cause. (Emphasis added.)

For the reasons assigned the judgment of the Court of Appeal for the First Circuit is reinstated and made the final judgment of this court.

HAMITER, Justice (dissenting).

As I appreciate the majority opinion rendered herein, it holds that no appeal lies to the Court of Appeal from the judgment of the district court in this matter because the latter is one of limited jurisdiction. I do not agree with this conclusion for the following reasons:

In my opinion the provisions of Article 14, Section 15.1, of the Louisiana Constitution, which deal with municipal fire and police civil service, do not contemplate the making of the civil service board a "court" of first instance in civil service matters. True, that board is granted a few specified powers ordinarily possessed by judicial tribunals. In fact, it might be said to be a quasi-judicial entity. But the very language of such provisions indicate that the board is not a court; rather it is merely granted "the *same* power * * * *as is* possessed by the district courts" in three specified areas (the administration of oaths, subpoenaing of witnesses, and compelling the production of pertinent books and papers). It is not even authorized to enforce orders issued by it under the grant of power, but it must resort to contempt proceedings in the

district court. Its procedure is directed to be "informal and not necessarily bound by the legalistic rules of evidence."

If, then, the board is no court (which I think is correct) the proceedings before the district court to determine the correctness of its ruling is not an "appeal", just as we said in Houeye v. St. Helena Parish School Board, 220 La. 252, 56 So.2d 413, of a similar procedure involving the socalled Teacher Tenure Act (LRS 17:443). This being so, I agree with the conclusion of the Court of Appeal, Third Circuit, in City of Lake Charles et al. v. Lake Charles Fire Fighters Association et al., 183 So.2d 451 that the procedure commenced in the district court was "simply the institution of a civil matter (not an appeal)" in that court which had exclusive original jurisdiction over the subject.

Conceding, arguendo, that the district court's power over the matter is limited to certain specified findings, it is, nevertheless, the court of original exclusive jurisdiction to hear and determine such matter; and that is all that Article 7, Section 29, of the Louisiana Constitution, requires in order that its judgment be appealable to the Court of Appeal. Nothing whatever in that section demands that the jurisdiction of the district court on a given subject be unlimited.

I respectfully dissent.

Sanders and Hamiter, JJ., are of the opinion a rehearing should be granted.