216 So.2d 643 (1968)
Everett W. GRANDERSON, Jr.
v.
ORLEANS PARISH SCHOOL BOARD.
No. 3229.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1968.
Rehearing Denied January 6, 1969.
Writ Refused February 24, 1969.
*644 Revius O. Ortique, Jr., New Orleans, for plaintiff-appellant.
Polack, Rosenberg & Rittenberg, Samuel I. Rosenberg and Franklin V. Endom, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, HALL and JOHNSON, JJ.
HALL, Judge.
Plaintiff filed this proceeding against the Orleans Parish School Board (hereinafter referred to as the "School Board") seeking to reverse the action of the defendant in removing him from his position as a teacher in the New Orleans Public Schools. The School Board filed exceptions of (a) no right of action and (b) no cause of action to plaintiff's petition. Following a hearing thereon the Trial Judge maintained both exceptions with leave granted plaintiff to amend his petition "by setting forth specific facts, which if proven, would show that the Orleans Parish School Board acted arbitrarily, capriciously or unreasonably in finding plaintiff * * * guilty of wilful neglect of duty or incompetency."
Pursuant to the Court's ruling plaintiff filed an amended petition. Thereupon the School Board filed an exception of no cause of action to plaintiff's original and amended petitions. By judgment rendered April 3, 1968 the Trial Court maintained this latter exception and dismissed plaintiff's suit at his cost. Plaintiff appeals from this judgment.
*645 Plaintiff's amended petition alleges that on May 23, 1967 the Orleans Parish School Board conducted a hearing to determine whether plaintiff was guilty of "wilful neglect of duty and of incompetency" and that the School Board did on or about June 26, 1967 find him guilty of such charges and did discharge him. Neither plaintiff's original petition nor his supplemental petition contains any allegation whatever that the hearing was not conducted entirely in accordance with the provisions of LSA-R.S. 17:462. Neither do we find therein any allegation of fact which if proven would show that the School Board acted arbitrarily, capriciously or unreasonably in finding plaintiff guilty of wilful neglect of duty or incompetency. (Plaintiff was charged with and found guilty of being tardy on 73 days and absent on an additional 17 days during the school year which consisted of 180 school days.)
We do find both in the original and amended petitions allegations to the following effect:
That in August 1966 the Director of Personnel of the School Board recommended on the basis of "medical information" that petitioner apply for sabbatical leave during the first semester of the 1966-67 school year, and that acting upon the urging of said Director petitioner did take such leave for "rest and recuperation" relying upon said Director's representation that he would be returned to his position as a teacher upon the termination of the leave; that however at the termination of the leave in January 1967 the School Board failed and refused to return him to work as a teacher and that such refusal constituted "a violation of the contractual relations between defendant and petitioner."
However nowhere does plaintiff allege that he was prevented from presenting proof of these allegations at the hearing before the School Board, and, if in fact such proof was presented, plaintiff makes no complaint of any action of the Board with respect thereto other than the general allegation that the action of the Board in discharging him was wilful, arbitrary, capricious and without good cause.
However assuming the truth of the allegations and assuming that the Board was apprised thereof at the hearing, they are insufficient in our opinion to warrant a reversal of the findings of the School Board that plaintiff was guilty of being absent 17 days and tardy on 73 additional school days in one school year of 180 days.
Although plaintiff does not so allege his pleadings seem to be based on the proposition that the Board acted arbitrarily in not giving him a second chance by reason of facts which have no relation to or connexity with the matters with which he was charged and of which he was found guilty.
Plaintiff's allegations relate to events which transpired subsequent to plaintiff's absence and tardiness which is the basis of his discharge by the School Board. They do not negate nor challenge the basis of the Board's action. In fact they have nothing to do with the Board's findings. Whether plaintiff should be granted a second chance for reasons entirely unrelated to the charges against him is in our opinion a matter entirely within the discretion of the Board.
For the foregoing reasons we are of the opinion that plaintiff has failed to set forth in his petitions any specific facts which if proven would show that the School Board acted arbitrarily, capriciously or unreasonably in finding him guilty of wilful neglect of duty or incompetency.
Plaintiff's main contention however is that he is entitled to a "full hearing" before the District Court without the necessity of alleging facts which would warrant reversal of the action of the School Board.
The law governing the removal of permanent teachers in the New Orleans Public Schools is set forth in LSA-R.S. 17:462 which provides first for a hearing before the School Board on written charges against *646 the teacher and thereafter provides for a review of the action of the School Board in the following language:
"If a permanent teacher is found guilty by the school board, after due and legal hearing as provided herein, on charges of wilful neglect of duty, or of incompetency * * * and ordered removed from office or disciplined by the said board, the teacher may, not more than one year from the date of said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty the teacher shall be entitled to full pay for any loss of time or salary he may have sustained by reason of the action of the said school board." (emphasis supplied)
The statute in terms provides for a review of the Board's action and its very language negates plaintiff's contention. The right to review an administrative action is not absolute and unconditional. Rather, an aggrieved teacher must petition the Court for review and, in such a petition, he must allege facts which if proven would justify a reversal of the Board's action. If the statute were construed otherwise every hearing before the Board which results adversely to the teacher would be subject to a trial de novo regardless of whether the hearing was legal and proper in every respect and thus the hearing before the Board would be relegated to a vain and useless ritual.
In State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153, 167-168, the Supreme Court quoted with approval the following language:
"There is nothing more firmly established in law than the principle that, within the limits of their authority, the power and discretion of legally created governing boards is supreme. Their wisdom or good judgment cannot be questioned by the courts. Members of these boards are appointed or elected because of their peculiar fitness for the post. Judges are elected because of their legal knowledge and ability. They are not experienced in the business affairs of Parishes and municipalities, * * * or the conduct of a public school system. A presumption of legality and regularity attaches to the action of all government boards. It is only when it is clearly shown that the action of such a board is beyond its authority or is arbitrary, unreasonable, or fraudulent that a court is justified in interfering."
and went on to say:
"* * * It is undisputed that the jurisprudence of this State is settled beyond doubt that where a statute creates a Board and grants to it certain administrative and executive functions and responsibilities, the courts will not interfere with the bona fide judgment of the Board based upon substantial evidence. It is only where the complainant shows there has been an invasion of his rights by the Board exceeding its powers or doing him an injustice that the courts have set aside the actions of the Board * * *"
This principle of law has been restated as follows in Moffett v. Calcasieu Parish School Board, La.App., 179 So.2d 537, 539:
"[1] These first three assigned errors address themselves to the scope of judicial review. Generally, the scope of judicial review of administrative agencies, although varying with the statutes involved, is limited to a determination of whether the action of the agency was: (1) in accordance with the authority and formalities of the statute; (2) supported by substantial evidence; and (3) arbitrary or an abuse of discretion. State ex rel. McAvoy v. Louisiana State Board of Medical Examiners, 238 La. 502, 115 So.2d 833; State ex rel. Williams v. Avoyelles Parish School Board, 147 So. *647 2d 729 (La.App. 3rd Cir. 1962); 73 C.J. S. Verbo Public Administrative Bodies and Procedure §§ 202-210, p. 548 et seq. Except for these purposes, the court will not review the wisdom, reasoning or judgment of administrative agencies, for to do so would substitute the discretion of the court for that of the agency."
In support of his contention plaintiff cites Lewing v. De Soto Parish School Board, 238 La. 43, 113 So.2d 462. We find nothing in the report of the opinion in that case of any comfort to plaintiff except the second syllabus thereof which plaintiff quotes in full. This syllabus however does not correctly reflect the opinion of the Court. What the Court actually said on the point is as follows:
"[2] Plaintiff's petition detailed alleged errors committed by the De Soto Parish School Board, and it prayed for an annulment of the School Board's action in dismissing plaintiff from her position as a permanent teacher and demanded her reinstatement with accompanying emoluments. The petition definitely set forth a cause of action (an alleged injustice which plaintiff believed should be corrected); the trial judge was correct in overruling defendant's exception of no cause of action." (emphasis supplied)
Plaintiff also cites Houeye v. St. Helena Parish School Board, 220 La. 252, 56 So.2d 413. This is the second of three Supreme Court decisions on the same case. In its first decision which is reported in 213 La. 807, 35 So.2d 739, all that the Court held was that a writ of mandamus does not lie to review the decision of a school board. In the second decision, being the one cited by plaintiff, all that the Court discussed was a question of prescription. In the third and last decision, which is reported in 223 La. 966, 67 So.2d 553, the Supreme Court ultimately affirmed the action of the school board on the merits of the case. In this last case it is shown (page 555 of the Southern Reporter) that plaintiff's petition had charged certain irregularities in the hearing conducted by the school board. We find nothing in these three decisions which would even tend to support plaintiff's contention.
Plaintiff's petition does not even contain a denial of the charge that he was tardy on 73 days and absent on 17 additional days out of 180 school days, nor does it allege any excuse for such conduct. In our opinion such conduct without sufficient reason therefor, constitutes wilful neglect of duty or incompetence within the meaning of LSA-R.S. 17:462.
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by plaintiff-appellant.
Affirmed.