TUCKER, Judge.
Plaintiff appeals from a judgment of the district court which declined to issue a writ of mandamus to the Mayor, Commissioners of the City of Hammond and the Civil Service Board of the City of Hammond which plaintiff had sought for the purpose of obtaining a hearing relative to his dismissal and/or discharge as a patrolman for the City of Hammond.
In his petition for a writ of mandamus in the district court, plaintiff alleged that he had been denied a hearing before the *204 Commission, and, therefore, had been discharged illegally from his job. The district court after a contradictory hearing on the motion declined to issue the requested writ. It is from this judgment plaintiff has appealed.
At the outset of argument we raised the question of our jurisdiction to hear an appeal from a district court relative to an appeal from a municipal civil service board. Counsel for the parties were permitted to proceed with argument but were requested to submit memorandum authority relative to the issue of jurisdiction.
Having considered the supplemental briefs, we are of the opinion that we lack jurisdiction in the premises.
In the recent case of Stubbs v. City of Baton Rouge, La.App., 243 So.2d 871 (1971) we had before us a motion to dismiss an appeal from the East Baton Rouge Parish Fire and Police Civil Service Board. In sustaining the motion to dismiss we said:
“Appellee’s motion is founded on the holding of this Court in Trosclair v. Houma Municipal Fire and Civil Service Board [La.App.] 200 So.2d 293 (1967) and upheld by the Supreme Court at 252 La. 1,209 So.2d 1 (1968).
"In our consideration of Trosclair we followed our decision in City of Baton Rouge v. Gourney [La.App.] 160 So.2d 290 (1964) wherein we considered that inasmuch as L.R.S. 33:2501 places the forum for an appeal in the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled, i. e., the civil district court, and Art. 14, § 15.1, paragraph 31 of the Constitution of Louisiana omits any reference to appeal, that we are without jurisdiction to consider such matters by appeal.
“In Trosclair, we did note the cases of City of Lake Charles v. Lake Charles Fire Fighters Ass’n [La.App.] 183 So.2d 451 (1966) and City of Lake Charles v. George [La.App.] 185 So.2d 872 (1966) wherein our brethren of the Third Circuit reached contrary conclusions. To resolve this conflict the Supreme Court of Louisiana granted writs, Trosclair, supra, 251 La. 1, 209 So.2d 1 (1968) and adopted our view.”
Counsel for the plaintiff-appellant has sought to distinguish the instant case from Stubbs, Trosclair and the above cited authorities on the grounds that we have supervisory jurisdiction over the district court and can therefore reverse the findings of the district court, order a remand and require the relief sought by mandamus. We cannot agree with this contention because we have supervisory jurisdiction only in matters stemming from those courts where we have appellate jurisdiction. La.Const. Art. 7, S 29, C.C.P. Art. 2201. Inasmuch as we do not exercise appellate jurisdiction over a district court in matters relating to municipal civil servants we are likewise without supervisory authority.
Accordingly, for these reasons the appeal by plaintiff, Bobby Strahan, is dismissed for lack of jurisdiction. The cost of this appeal is to be borne by plaintiff.
Appeal dismissed.