251 So.2d 487 (1971)
Dorothy Lee STEWART
v.
EAST BATON ROUGE PARISH SCHOOL BOARD.
No. 8449.
Court of Appeal of Louisiana, First Circuit.
June 30, 1971.
Rehearing Denied September 2, 1971.
*488 Nathan E. Wilson and Vanue B. Lacour, of Lacour & Wilson, Baton Rouge, for appellant.
John F. Ward, Jr., of Burton, Roberts & Ward, Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN and TUCKER, JJ.
LOTTINGER, Judge.
This is a suit filed on behalf of Dorothy Lee Stewart, plaintiff-appellant, challenging her dismissal from employment as a school bus operator with the East Baton Rouge Parish School Board, defendant-appellee, and is on appeal to this Court from a judgment of the Lower Court sustaining a peremptory exception of no cause of action filed by the School Board.
This case involves the discretionary authority of a school board to dismiss a school bus driver under authority of, and in compliance with, the school bus operator's tenure law, R.S. 17:493. The bus operator's tenure law is very similar to the teacher tenure law except that the section involved here, section 493, covering bus operators who have acquired tenure provides several additional grounds for dismissal including the grounds involved here of "immorality".
Plaintiff-appellant filed this suit challenging the discretionary authority of the School Board to dismiss her. Her disagreement with the School Board's decision *489 was set forth in Article 5 of her original petition:
"The purported dismissal of petitioner was and is void and invalid for the following reasons:
(a) The hearing of the Board was improperly and invalidly conducted in that the decisive part of its deliberations was conducted in camera conjointly with the Superintendent and Board Attorney who were advocates of dismissal and prosecutors of the petitioner.
(b) The Board's Attorney in the open meeting actively prosecuted the petitioner, whereas the only authority granted to him and the only role to be performed by him is advisory.
(c) There were no grounds or reasons presented or proved to authorize the dismissal of a permanent operator.
(d) The Board admitted and relied upon irrelevant, immaterial and hearsay evidence purporting to prove the purported grounds of dismissal of the petitioner."
Defendant, School Board, filed a peremptory exception of no cause of action contending that plaintiff's petition does not
"allege any specific facts, which if proven, would show that the East Baton Rouge Parish School Board acted arbitrarily, capriciously, or unreasonably in finding plaintiff guilty of immorality and dismissing her as a school bus driver * * * and, in the absence of alleging such specific facts, the court should not inquire into wisdom or good judgment of the school board."
On argument of this exception, the Lower Court allowed plaintiff ten days to amend the petition by setting forth specific allegations of error.
Plaintiff filed an amended petition adding Articles 5-A and 6 to her original petition, as follows:

"5-A
"The dismissal of the petitioner by the School Board was arbitrary capricious and unsupported by law for the following reasons:
(a) The Board admitted and treated a judgment of divorce on the ground of adultery as evidence of and conclusive proof of immorality on the part of the petitioner.
(b) The Board considered and treated a judgment of divorce as conclusive proof of the conduct alleged by the petitioner's husband in the divorce action.
(c) The Board held that the alleged immorality constitute a ground for discharge even though it is entirly removed from, is unrelated to and in no way affected petitioner's performance of her duties as bus driver or otherwise.
(d) The School Board conducted the hearing as an adversary proceeding and permitted its attorney to act as advocate and prosecutor against the petitioner at the hearing.
(e) The decision to discharge the petitioner was made by the Board in secret session with the Board's attorney and the Superintendent of Education who were openly engaged in and acting as adversaries of petitioner and as advocates of her discharge.
(f) The School Board erroneously interpreted the intent and meaning of immorality as contained in R.S. 17:493 in that it concluded that being divorced on the ground of adultery constituted immorality; in that it concluded that committing act of adultery per se makes the adulterer immoral within the intent scope and purpose of R.S. 493.
FURTHER amending of petition petitioner shows:

6.
In the alternative, petitioner alleges that the interpretation of R.S. 17:493 so *490 as to disqualify petitioner because of conduct having no effect upon or relation to the performance of her job duties and having no effect upon public interest constitutes an arbitrary invasion of and interference with petitioner's right of privacy all of which deprives petitioner of due process of law in contravention of the provisions of Article 1, Section 2 of the Constitution of the State of Louisiana and of Amendment XIV, Section 1 of the Constitution of the United States."
Defendant then filed a second peremptory exception of no cause or right of action to plaintiff's supplemental and amended petition based upon the same contentions as the original exception and citing in support thereof State ex rel Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153; Moffett v. Calcasieu Parish, La.App., 179 So.2d 537, and Granderson v. Orleans Parish School Board, La.App., 216 So.2d 643, rehearing denied January 6, 1969, writ refused February 24, 1969.
The second exception to the supplemental and amended petition was heard by the Lower Court, and judgment was rendered sustaining the peremptory exception of no cause of action and dismissing the plaintiff's suit at her cost. From this judgment, plaintiff was granted a devolutive appeal to this Court.
The jurisprudence of our state is abundantly clear that where the administrative agency has complied with the formalities of the statute, the party who disagrees with their determination and decision has no standing in court unless he has alleged facts which, if proven, would show that the board in its decision has acted arbitrarily, capriciously, or fraudulently, and in the absence of same, his suit should be dismissed on the peremptory exception of no cause or right of action. Granderson v. Orleans Parish School Board, La.App., 216 So.2d 643, rehearing denied January 6, 1969, writ refused February 24, 1969.
Our courts have consistently held that the hearing body is the trier of fact, and the courts will not review the evidence before such agency, except to determine whether the action of the agency was; (1) in accordance with the authority and formalities of the statute; (2) supported by substantial evidence; and (3) arbitrary or an abuse of discretion, and, except for those purposes, court will not review wisdom, reasoning or judgment of administrative agencies. Barber v. Lake Charles Pipe and Supply Company, La.App., 148 So.2d 326; State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153; Moffett v. Calcasieu Parish, La.App., 179 So.2d 537; Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462.
The main thrust of plaintiff's position is set forth in paragraphs A, B, C and F of Article 5-A and Article 6 of her amended petition. These allegations basically restate plaintiff's disagreement with the determination and judgment of the Board that the evidence before it constituted sufficient proof of immorality to justify their decisions and that her conduct as shown by the evidence before the board constituted immorality within the meaning of the statute. Obviously, plaintiff is here asking the court to do exactly what the cases cited hereinabove say that the courts should not do.
It is clear that the board complied with all of the formalities of the statute and that all of plaintiff's rights under the statute were completely protected. It is also clear that the board had before it substantial evidence of acts or conduct by the plaintiff which could constitute immorality.
Petitioner further alleges in paragraph 5-A sub-section (f), that the School Board erroneously interpreted the meaning of R.S. 17:493 in concluding that adultery constituted immorality. Again, this decision also falls within the discretion of the East Baton Rouge Parish School Board.
The remaining allegations of plaintiff's petition, as amended, as to the procedure *491 followed by the board are clearly refuted by the resolutions, etc. of the Board. These clearly reflect that Mrs. Stewart was granted the private hearing which she requested, that she was accompanied and represented by her attorneys who were given the opportunity to present any evidence whatsoever that she or they deemed advisable in support of her case and the decision to dismiss her was made by open roll call, all in complete compliance with the statutes.
As to paragraph 6 of the amended petition, due process under Article 1, Section 2 of the Constitution of the State of Louisiana and of Article XIV, Section 1 of the Constitution of the United States does not require that an investigating administrative body, conducting an open hearing, absolutely disregard matters of public record such as the criminal conviction and proven adultery. We believe that it is within the sound discretion of an administrative body such as the East Baton Rouge Parish School Board to determine that such gross disregard for ordinary standards of decency of the community have a great deal of effect upon and relation to the performance of Mrs. Stewart's job duties and upon public interest.
The main thrust of plaintiff's petition is simply that she disagrees with the discretionary determination made by the School Board. As the Court said in Granderson, supra:
"The right to review an administrative action is not absolute and unconditional. Rather, an aggrieved teacher must petition the Court for review and, in such a petition, he must allege facts which if proven would justify a reversal of the Board's action. If the statute were construed otherwise every hearing before the Board which results adversely to the teacher would be subject to a trial de novo regardless of whether the hearing was legal and proper in every respect and thus the hearing before the Board would be relegated to a vain and useless ritual."
And, as stated by the Supreme Court itself in Rathe, supra:
"A presumption of legality and regularity attaches to the action of all government boards. It is only when it is clearly shown that the action of such a board is beyond its authority or is arbitrary, unreasonable, or fraudulent that a court is justified in interfering."
For the reasons hereinabove assigned, the judgment of the Lower Court is affirmed, all costs of this appeal to be paid by plaintiff-appellant.
Judgment affirmed.