PETERS, Judge ad hoc.
This is an appeal by Lawrence N. Hun-singer, Jr. from a decision of the Civil Service Commission upholding his transfer from the district office of the Louisiana Highway Department in Lafayette to the headquarters of the Department in Baton Rouge. Mr. Hunsinger held a Civil Service classification of Engineer 5 in Lafayette and continued to hold this classification in Baton Rouge without loss of pay. He appealed from the transfer alleging it was discriminatory and was made for political and union reasons and further alleging the transfer would cause personal loss because he had built a new home in Lafayette and his wife was employed there teaching school.
Appellant is a permanent employee of the Louisiana Department of Highways. While stationed in Lafayette, appellant’s position with the Department was classified as Assistant District Engineer, Engineer 5, concerned with maintenance of State highways for that particular district. By letter dated February 10, 1971, signed by Dempsey D. White, Chief Construction and Maintenance Engineer, appellant was notified effective February 22, 1971, his duty station would be changed from District 3, Lafayette, to the headquarters in Baton Rouge. On March 11, 1971, appellant filed an appeal with the Department of Civil Service in which he alleged his reassignment of working title, change of duty station, and transfer was discriminatory; was made for political and union reasons at the request of local political and union leaders; and was an endeavor to coerce his resignation or “to put him on ice in a deadend spot without a future.” He further alleged before reassignment he had built a new home in Lafayette and would suffer a substantial loss if forced to sell and that his wife teaches school and a transfer would work a grave hardship on *693 her and the family finances. Finally, appellant alleged the transfer was illegal because the Department failed to provide written reasons for making the transfer. Appellant asked that the action taken by the Department of Highways be declared illegal and in violation of the Constitution and Civil Service Rules and that he be returned to his duty station as Assistant District Engineer in Maintenance at Lafayette, without prejudice.
The crux of this appeal is appellant’s argument that his reassignment was the result of political and union pressure in the district to have him transferred to another area, and the reassignment was a form of coercion to force his resignation. In a well-reasoned opinion, the Commission rejected all of appellant’s contentions. We agree.
The Commission held, and the record bears out its findings, there is no evidence to sustain appellant’s charge of coercion by any group to force his resignation. Neither is there any evidence in the record to show any pressure to have appellant removed from the area. Numerous union members testified, as well as two officers of the local A. F. of L. and C. I. O. Not one of these individuals testified appellant’s name was ever mentioned at a union meeting nor did any of these men know of any union activities to exert pressure upon any individual in any manner by the union to have appellant transferred. While some of the men did not agree with appellant’s methods of supervision, all specifically stated any grievances they had against appellant were strictly personal.
It should be noted at this point the record- in this case is voluminous and fraught with excessive testimony from numerous witnesses called by appellant, many of whom had never discussed this matter with appellant prior to the hearing. Therefore, in many instances, appellant’s questions to the witness were more exploratory than an effort to present a legitimate point to the hearing. We feel an extensive discussion of each witness’s testimony is therefore unnecessary. However, the conclusion reached by this court is based upon our careful reading and consideration of all the testimony.
There is no evidence to substantiate appellant’s allegation that local political officeholders were engaged in an effort to have him transferred. The record shows that although appellant was a very capable engineer, in a technical sense, he encountered difficulties in dealing with the public and in maintaining good public relations on behalf of the Department. Numerous political figures from the area testified they complained to appellant concerning his work as Maintenance Engineer, but these complaints were brought on behalf of constituents, who had gone to these political officials with their problems in hope of relief. As pointed out in the Commission’s written findings, these complaints were of the kind a citizen has a right to make and appellant should expect, such as complaints concerning the cutting of grass along highway rights-of-way and the cleaning out of ditches and drainage. While the testimony of these political figures does show disharmony between appellant and local political officeholders, there is no evidence this transfer was a direct result of any political pressure.
On the other hand, Leon Gary, Director of the Department of Highways, testified appellant was moved to the Baton Rouge headquarters to fill a vacancy for a Road Construction Engineer. Mr. Gary testified a senior member of the Department had resigned and, pursuant to his policy to institute new blood into headquarters, called Mr. Hunsinger in to fill one of the vacancies. The evidence shows appellant was not the only individual considered for the job. Two other individuals were named in discussions by the Highway Department officials and Mr. Hunsinger was finally decided upon as the man to fill the job. The evidence also bears out the fact that Mr. Hunsinger would be in a better position for promotion at headquarters than in *694 Lafayette. Appellant’s position in Lafayette was concerned mainly with maintenance. The position in Baton Rouge is concerned with the construction area of highway work. All of the Department officials testified advancement in the Department is expedited if an individual is experienced in both construction and maintenance phases of highway work. It was also established that more jobs above the Engineer 5 level exist in the Baton Rouge headquarters than in Lafayette. The only position that would have been available to appellant in Lafayette would have been the District Engineer’s position. However, it was noted that it was not now available and there was no guarantee appellant would receive this job when it became available. On the other hand, the record establishes there were at least seven promotions available to appellant in the Department headquarters.
There is nothing in the record to indicate appellant’s allegations of any financial loss to be suffered because of his relocation. As noted in the Commission’s opinion, reassignment and its attendant readjustments are a potential hazard of any job, of which appellant was well aware when he signed the application for State employment.
There is no merit to appellant’s argument that his transfer is invalid because the cause of his transfer was never expressed in writing by the appointing authority, citing LSA-Const. Art. 14, § 15(N)(1). This provides no person in a classified civil service position shall be demoted, dismissed, or discriminated against, except for cause, which shall be expressed in writing. Sec. 8.15 of the Civil Service Rules provide for the transfer of a permanent employee upon the recommendation of the appointing authority and approval of the director of personnel. The appointing authority is not required to state the reason for the transfer. Since appellant was simply being transferred in this instance, there was no need to express written reasons.
Finally, appellant argues the Commission committed error by ordering, pursuant to its rule 13.24(C), that the appealing party reimburse the Department of Civil Service for the cost of preparing the transcript of these proceedings. This argument is without merit. LSA-Const. Art. 14, § 15(1) grants to the Civil Service Commission the broad power to make rules, which have the effect of law, in order to regulate the operation of the Civil Service and, more particularly, fixing rules and procedures pertaining to appeals under the act.
It is a settled rule in our jurisprudence that findings by an administrative body acting under a delegation of discretionary authority should be accorded great weight and will not be disturbed by the reviewing court in the absence of a clear showing of abuse of power. Kansas City Southern Railroad Co. v. Louisiana Public Service Commission et al., 254 La. 160, 223 So.2d 132 (1969) and Stewart v. East Baton Rouge Parish School Board, 251 So.2d 487 (La.App. 1st cir. 1971), and cases cited therein. After careful review of the record of this appeal, we are of the opinion that the findings by the Civil Service Commission are substantiated by the great weight of the evidence and we affirm that decision at appellant’s cost.
Affirmed.