321 So.2d 62 (1975)
Asa TOUCHETTE, Plaintiff-Appellant,
v.
CITY OF RAYNE, MUNICIPAL FIRE & POLICE CIVIL SERVICE BOARD, Defendant-Appellee.
No. 5134.
Court of Appeal of Louisiana, Third Circuit.
October 21, 1975.
Rehearing Denied November 13, 1975.
*63 Edwards, Stefanski & Barousse, by Nolan J. Edwards and Larry Dupuis, Crowley, for plaintiff-appellant.
Petitjean & Petitjean, by Martin Petitjean, II, Rayne, for defendant-appellee.
Before HOOD, CULPEPPER, and MILLER, JJ.
MILLER, Judge.
Plaintiff Asa Touchette appeals the district court's judgment dismissing his appeal from the Rayne Municipal Fire & Police Civil Service Board decision upholding his two week suspension from the Rayne City Police force. We remand.
Defendant Board questions this court's jurisdiction to hear the appeal contending the district court itself was sitting as an appellate court.
LSA-R.S. 33:2561 grants an "appeal" to the district court. Trosclair v. Houma Fire & Police Civil Service Board, 252 La. 1, 209 So.2d 1 (1968). Art. 14, § 15.1 of the 1921 Constitution was the constitutional version of the Fire & Police Civil Service system also found in the revised statutes, LSA-R.S. 33:2471 et seq. It relates to parishes (regardless of size) and to municipalities with populations above 13,000.
In Trosclair, supra, it was held the appellate court did not have jurisdiction to review district court decisions when the district court exercised the appellate jurisdiction vested by Louisiana Constitution of 1921, Art. 14, § 15.1. The rationale was that the constitutional grant of jurisdiction to appellate courts was limited to a review of decisions of district courts exercising "exclusive original jurisdiction" in civil and probate matters. La.Const. of 1921, Art. 7, § 29.
A similar appeal was provided for smaller municipalities by LSA-R.S. 33:2631 et seq. This created the collateral problem of a statutory grant of appellate jurisdiction to the district court. There were no constitutional provisions for smaller municipalities since Art. 14, § 15.1 provided only for municipalities above 13,000 and parishes. Therefore in Albert v. Parish of Rapides, 256 La. 566, 237 So.2d 380 (1970), the court held the statutory grant of appellate jurisdiction to the district court in LSA-R.S. 33:2561 was an unconstitutional legislative expansion of appellate jurisdiction to the district court.
The legislative grant of power to the district court to review administrative decisions was reconsidered in Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). The court distinguished between administrative review and judicial review. Since the district court proceeding is the first *64 instance of judicial authority and review, "a district court's review of an administrative determination is not an appeal; it is in fact an original action." Since the action was not an "appeal," the statutory grant of jurisdiction to the district court was affirmed.
A number of changes are made by Louisiana's Constitution of 1974. Art. V, § 16(B) of that constitution grants district courts appellate jurisdiction as provided by law. Since the constitution authorizes the legislative grant of appellate jurisdiction to district courts (and LSA-R.S. 33:2561 grants appellate jurisdiction to district courts) the problem relating to the legislative grant of appellate jurisdiction to district courts which was the basis for the decisions in Albert, supra, and Trosclair, supra, no longer exists.
The Trosclair decision (that the appellate court cannot hear appeals from the district court when the district court sits as an appellate court) is no longer the law. Instead, the solution in Bowen, supra, is binding. The judicial review of an administrative decision is essentially a different process than the appellate review of a district court's judgment. This court therefore has appellate jurisdiction.
Under the 1974 Constitution, even if the district court review is an appeal, this court has jurisdiction to review that decision. Appellate jurisdiction is no longer based on the nature of the jurisdiction exercised by the district court. This court now has jurisdiction over all civil matters decided within its circuit subject to exceptions specified in the Constitution. La.Const. of 1974, Art. V, § 10(A). There is no suggestion this appeal falls within the specified exceptions.
Defendant Board further contends the appeal should be dismissed because the notice of appeal due the Board did not expressly allege the Board's administrative decision lacked good faith or cause. We reject that contention.
In Odom v. City of Minden, 281 So.2d 117 (La.1973) it was specifically held that the phrase "in good faith for cause" was not required and "[i]t suffices if the notice of appeal contains a reasonably clear and concise statement of the action from which the appeal is taken." 281 So.2d at 119.
Touchette's notice of appeal from the administrative board's decision named the parties and in pertinent part stated:
Pursuant to the oral request made on October 3, 1974, please consider this a formal request for an appeal of the decision of the Rayne Municipal Fire and Police Civil Service Board dated October 3, 1974, which appeal is returnable to the 15th Judicial District Court in and for the Parish of Acadia, Louisiana.
A fuller reference to the action may be desirable, but there is no basis in the record to find this notice not "reasonably clear and concise." The Board answered the appeal without complaint then or now of surprise, prejudice or adverse effect because of the form of the notice. The notice of appeal is held to be sufficient.
For these reasons we find the trial court erred in dismissing Touchette's appeal without considering the merits. The district court has the exclusive right to review the Board's decisions on the first appeal. LSA-R.S. 33:2561.
The trial court's dismissal of Touchette's appeal is set aside and the case is remanded to the trial court for its consideration of the merits of the appeal. Costs of this appeal, insofar as is permitted by LSA-R.S. 13:4521, are taxed to defendant appellee.
Remanded.