147 So.2d 729 (1962)
STATE of Louisiana ex rel., Henry WILLIAMS, Jr., Plaintiff-Appellant,
v.
The AVOYELLES PARISH SCHOOL BOARD, Defendant-Appellee.
No. 721.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
*730 Dugas, Bertrand & Smith, by Lucien C. Bertrand, Jr., Lafayette, Eugene N. Scallan, Marksville, Johnson & LeBlanc, by Robert Johnson, New Iberia, for plaintiff-appellant.
A. J. Roy, Jr., Marksville, John R. Hunter, Jr., Alexandria, for defendant-appellee.
Before FRUGÉ, HOOD and CULPEPPER, JJ.
FRUGÉ, Judge.
Plaintiff instituted this suit against the Avoyelles Parish School Board to be reinstated as Industrial Arts Teacher in the Carver High School for negroes in the Town of Bunkie, Louisiana, and for back pay since his dismissal as such by the School Board on September 24, 1959. From a judgment of the trial court rejecting plaintiff's demands he has appealed.
For the most part, the facts of this case are undisputed. The Avoyelles Parish School Board initiated for the first time, in the fall of 1956, an industrial arts course in Carver High School. Plaintiff was the first industrial arts teacher in that school; his employment commencing on October 29, 1956. Prior to the establishment of this Industrial Arts course, the School Board consulted Mr. H. O. Thomas, then Director of Industrial Arts Education for the Department of Education of the State of Louisiana, who suggested that the Board inaugurate a "composite general shop." Under this type of program, plaintiff was to stress woodworking, mechanical drawing, and electricity. Mr. Thomas later testified, on the trial of this case, that this course was one dealing with industrial processes and products in which "basic know how" was stressed rather than particular vocational skills; that it was about 90% practical, such as use of tools and demonstration of techniques, and about 10% theory in textbooks or instructions.
On September 17, 1959, shortly after the fall school session started, Lynden Couvillion, the School Superintendent, visited Carver High School, including the Industrial Arts Department. On this occasion, he suggested to the Principal, P. A. Frazier, that it would be beneficial to have a sidewalk from the Home Economics Department to the walk connecting the lunchroom with the main building. This sidewalk was to be about 60 feet in length. It was further suggested that the building of this sidewalk could be partly accomplished as a teaching demonstration in the setting of wooden forms under the Industrial Arts program. After this phase of the work was completed, the School Board was to get a contractor to pour the concrete mix in these forms.
According to plaintiff's version of the subsequent events, the Principal informed him on the afternoon of September 22, 1959 that he was to begin this project on the next morning, with his students. The Principal, however, testified that he did not fix a time for plaintiff to start, although he admitted informing plaintiff that he wanted a lesson or demonstration in setting forms, which could later be used for the laying of concrete for a sidewalk. In any event, plaintiff refused to comply with the Principal's instructions, stating as his reason that it was construction work. The record further establishes that plaintiff was told on two other occasions to comply with this instruction and refused giving the same reason.
Pertaining to the removal of teachers, LSA-R.S. 17:443 provides in part that "[a] permanent teacher shall not be removed from office except upon written and signed charges of wilful neglect of duty, or incompetency or dishonesty * * *." This *731 statute governs the dismissal of teachers who have acquired tenure status of three years. LSA-R.S. 17:442. The trial judge had some doubt as to whether plaintiff had acquired tenure status, since his employment commenced on October 29, 1956 and terminated by official action of the School Board in November, 1959. He pretermitted deciding this issue, although stating in his written reasons that:
"Under the doctrine enunciated by the Court in [State ex rel.] Piper vs. East Baton Rouge Parish School Board, 35 So.2d 804, 213 La. 885, the Board can act within a reasonable time after the termination of the teacher's probation period of three years, to determine if he will be retained on tenure status or not. In that case, a dismissal by the Board, at its next regular meeting following the teacher's three years (calendar years) probation, was upheld as being reasonable." (Tr. 51)
We will likewise give plaintiff the benefit of the doubt in this regard.
The record discloses that the procedural safeguards afforded plaintiff by LSA-R.S. 17:443 were complied with, and there is no complaint by plaintiff of any irregularity or informality in the proceedings before the School Board. Thus, the sole question for this Court to decide is whether plaintiff's dismissal was illegal under the provisions of LSA-R.S. 17:443.
The Orleans Court of Appeal, in commenting on the Teachers' Tenure Law, in the case of Reed v. Orleans Parish School Board, 21 So.2d 895, stated:
"But the Teachers' Tenure Law does not dislodge or in anywise restrict the general authority of the School Board to supervise its teachers in respect to the establishment or revision of the school curriculum or limit its right to pass reasonable rules and regulations in aid of its administrative power."
In the case at bar, there is no dispute that the principal and subsequently the School Supervisor and School Superintendent told plaintiff to teach and demonstrate a class in Industrial Arts by having his students engage in a practical exercise of building forms for the laying of a concrete sidewalk. It is also clear that plaintiff refused to comply with these requests on each occasion.
It is not the function of a court to sit in judgment on the propriety of school curriculum, methods of teaching and demonstrations which school officials have determined necessary and proper. In the case at bar, there is no evidence that the order given plaintiff was unreasonable, arbitrary or capricious. It seems clear to us that there is a reasonable relationship between the instruction and demonstration which plaintiff was instructed to give and the Industrial Arts curriculum which had been initiated at Carver High School.
Plaintiff was dismissed because of his continued refusal to obey an order initiated by the Principal of the school where he was teaching. The Principal had acted in this matter upon the suggestion of the School Superintendent. Clearly the lesson and demonstration, which plaintiff refused to teach, had practical and educational value under the Industrial Arts program. Additionally, this project had a functional value, in that it enhanced the ease of reaching the facilities of the school. We cannot but conclude that plaintiff willfully neglected his duty by refusing to comply with this order. Accordingly, we are of the opinion that the School Board was justified in dismissing plaintiff, and that such dismissal was not illegal under the provisions of LSA-R.S. 17:443.
For the reasons assigned herein, the judgment of the trial court is affirmed; plaintiff to pay all costs of this appeal.
Affirmed.