CUTRER, Judge.
This appeal involves the review of a decision by a local school board to terminate a tenured bus driver. Lottie Mae Ivy was terminated by the Natchitoches Parish School Board (School Board) after a public hearing concerning Ivy’s involvement in an intersectional accident while driving a fully loaded school bus. The accident occurred in Campti, Louisiana, at the intersection of U.S. Highway 71 and Bordelon Street. The intersection is controlled by a flashing light, red for Ivy on Bordelon Street, yellow for the truck being driven along Highway 71. Ivy filed a petition in the district court for a writ of mandamus seeking reinstatement and back pay. The trial court rendered judgment dismissing Ivy’s suit. Ivy appeals. We affirm.
The issues presented in this appeal are as follows:
(1) Whether the School Board’s decision is supported by substantial evidence or whether the School Board abused its discretion; and
(2) Whether Ivy’s involvement in this one accident could be grounds for discharge for incompetence under LSA-R.S. 17:493.
LAW
This court has previously been faced with reviewing the termination of a school bus driver by a local school board. In Allen v. LaSalle Parish Sch. Bd., 341 So.2d 73, 75 (La.App. 3rd Cir.1976), writ den., 343 So.2d 203 (La.1977), we said:

“The jurisprudence of our state is abundantly clear that where an administrative agency or hearing body is the trier of fact the courts will not review the evidence before such body except for the following limited purposes: (1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; (2) to determine whether or not the fact findings of the body were supported by substantial evidence; and, (3) whether or not the hearing body’s conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body’s discretion. Stewart v. East Baton Rouge Parish School Board, 251 So.2d 487 (La.App. 1st Cir.1971); Moffett v. Calcasieu Parish School Board, 179 So.2d 587 (La.App. 3rd Cir.1965); Barber v. Lake Charles Pipe and Supply Company, 148 So.2d 326 (La.App. 3rd Cir.1962).

“We consider the record before us in light of this well established rule.

*1334
“Under the provisions of the school bus operators’ tenure law, a school board, complying with the requirements therein, has the discretionary authority to dismiss a school bus driver for conduct which amounts to incompetency or willful neglect of duty. LSA-R.S. 17:498 provides in pertinent part as follows:

‘A permanent school bus operator shall not be removed from his position except upon written and signed charges of willful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in a safe, comfortable and practical operating condition, or of being a member of or contributing to any group, organization, movement or corporation that is prohibited by law or injunction from operating in the State of Louisiana, and then only if found guilty after a hearing by the school board of the parish in which the school bus operator is employed ... All hearings hereunder shall be private or public, at the option of the operator or operators to be affected thereby ... The operator or operators affected shall have the right to appear in their own behalf and with counsel of their selection, and be heard by the board at the hearing. Nothing herein shall impair the right of the parties to appeal to a court of competent jurisdiction.’ ”
A review of the record reflects that the School Board complied with all of the procedural formalities required by the statute. Ivy received written charges alleging specifically the incidents upon which the Board would base their decision including the accident in question. Ivy appeared at the scheduled hearing accompanied by an attorney of her choice. Ivy was allowed to present her own witnesses and cross-examine the School Board’s witnesses. Ivy’s rights under the statute have been protected.
Next we must determine whether the trial court was clearly wrong when it decided that the School Board had before it substantial evidence to support its finding of incompetency.
FACTS
A review of the record discloses the following facts: This is an intersectional collision. The favored road, Highway 71, was controlled by a flashing yellow light; the speed limit on Highway 71 was 55 miles per hour; Highway 71 runs north and south. Bordelon Street, the cross street, is controlled by a flashing red light and runs east and west. Ivy approached the intersection from the west and, after stopping, made a left, northbound, turn in front of Calvin Deason who was traveling north on Highway 71.
Deason testified that he saw the school bus stopped at the intersection. As he approached the intersection the bus pulled out directly in front of him. Deason sounded his horn and, in an attempt to avoid the bus, swerved his truck as far to the right as possible. Deason’s truck was fully loaded with large logs at the time. The left front of Deason’s truck hit the rear portion of Ivy’s bus. Deason’s truck continued past the bus, through a ditch, and was severely damaged as it struck a large tree and overturned. Because of Deason’s evasive action a disaster was probably avoided. Of the 46 children aboard the bus 17 complained of bruises but none were seriously injured.
Deason testified that he was familiar with the intersection and knew of other accidents which had occurred at that site. Accordingly, he was driving only about 40 miles per hour as he approached Bordelon Street. Several other witnesses corroborated Deason’s estimate. There were no obstructions to Ivy’s view as she looked south down Highway 71 from the Bordelon Street intersection. Ivy admitted at the School Board hearing and in the district court that, when she was stopped at the intersection, she saw Deason’s truck approaching from the south.
Ivy contended that she had made the turn and was approximately 150 feet north of the intersection when the bus was struck *1335 by the log truck. Deason stated that he hit the bus as it was approximately 10 to 15 feet north of the intersection. There was other testimony that the impact occurred at the intersection.
The School Board apparently concluded that the accident occurred at the intersection and was caused by the failure of Ivy to yield the right-of-way to the truck.
The trial court had before it the transcript of the School Board hearing and also heard several of the same witnesses. While there was some conflict in the testimony as to the occurrence of the accident, as we have previously pointed out, the School Board apparently accepted the testimony of Deason, the truck driver, and the witnesses who supported his version of the accident. This testimony clearly shows that Ivy, by her negligent actions in operating the bus endangered the lives of the children.
The trial court specifically found that the Natchitoches Parish School Board had good and sufficient grounds for its decision. In view of the facts as set forth herein, we find that the trial court was not clearly wrong in that determination.
Ivy seeks to make an issue of the fact that the School Board charged her with a “pattern of incompetence” when it sent her a list of eight incidents and then only the most recent was discussed at the hearing. There is no merit to the argument that a single incident cannot be sufficient grounds for a finding of incompetence. The statute does not require a certain number of transgressions to equal incompetence. The Allen case, supra, involved an isolated altercation between a bus driver and two brothers. For his conduct in that incident, Mr. Allen was terminated. Given the great responsibility that a bus driver assumes when he or she undertakes to transport children, certainly we cannot suggest that a School Board must wait until a driver has negligently jeopardized the lives of his passengers in a second or third accident before removing that driver. We find no error in these proceedings. The judgment of the trial court will be affirmed.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant, Lottie Mae Ivy.
AFFIRMED.
FORET, J., dissents and will assign reasons.