JASPER E. JONES, Judge.
Beverly Prine, appellant in these consolidated cases, appeals a judgment of the district court affirming the action of the West Carrol Parish School Board in dismissing her from her position as a bus driver and affirming a decision of the Board of Review of the Office of Employment Security declaring her to be disqualified from receiving unemployment compensation benefits. We affirm.
Appellant makes no assignment of error. Further, her brief mentions the action of the Board of Review only in passing. Her only complaint in brief is that the action of the School Board was based on hearsay evidence. We interpret this argument to be an assignment of error that the actions of both the School Board and the Board of Review are based on insufficient evidence.
Ms. Prine was employed by the School Board as a “contract” bus driver. As such, Ms. Prine owned and provided the bus used on her route. Ms. Prine was employed for approximately 4V2 years prior to her firing on January 8, 1985.
In late October, 1984, school officials learned that appellant had been operating her bus since early September without liability insurance, as required by School Board policy. This problem was immediately brought to appellant’s attention and she promptly obtained the required insurance. Appellant was reprimanded by the superintendent, Mr. Billy F. Kay, concerning this incident and warned by letter dated October 31, 1984, that further problems would result in her being “brought before the Board.”
Appellant was absent from work on November 9, 1984, and her bus was driven by a substitute. The substitute reported that the bus had a defective right front wheel. Mr. Kay attempted to contact appellant concerning the situation but he was unable to do so. Mr. John Mercer, supervisor of transportation, had the bus taken to a garage to be inspected. Mr. Kay and Mr. Mercer went to the garage to participate in the inspection.
When the wheel was removed from the bus the bearing and race fell out. Further inspection revealed that the flashing lights did not work and that the fender mirror on the bus was inoperable. The interior of the bus was also found to be in an extremely dirty condition.
Superintendent Kay, by letter dated November 9, 1984, advised appellant of the defects found in her bus and that, the matter would be referred to the School Board. *1198 Appellant was notified by a letter dated December 10, 1984, that she was being charged with wilful neglect of duty and failure to keep her bus in safe, confortable and practical operating condition and that these charges would be heard on January 8, 1985.[1]
Mr. Kay, Mr. Mercer and appellant testified at the hearing. At the conclusion of the hearing the School Board voted five to one with one abstention to find appellant guilty of the charges and dismiss her. Appellant then sought judicial review of that determination.[2]
At the trial of this matter the School Board presented the testimony of Mr. Kay and Mr. Mercer which established the facts set out above. The School Board also filed in evidence photographs of the bus taken November 9, 1984, copies of the letter to appellant, copies of its rules on liability insurance and a copy of a document entitled “Student Transportation Safety.”
Appellant admitted that her insurance had been expired but stated she was unaware of this until it was brought to her attention. She further admitted receipt of the three letters written to her by Mr. Kay.
She also admitted that the photographs accurately depicted the condition of her bus. However, appellant testified that the photos were taken at the end of the week before she had done her weekly cleaning of the bus.
Appellant did not deny the existence of any of the three mechanical defects set out in the November 9, 1984, letter. However, she testified that she had no prior knowledge of the wheel problem and that she had been attempting to repair the flashing lights and the fender mirror.
Upon this evidence the district judge affirmed the action of the School Board and appellant appealed.
The standard of review here is whether there is a rational basis for the School Board’s determination supported by substantial evidence insofar as factually required. Cunningham v. Franklin Parish School Bd., 457 So.2d 184 (La.App. 2d Cir. 1984), writ den., 461 So.2d 319 (La.1984).
While the record contains some hearsay evidence there is much competent evidence to support the School Board’s determination. First, appellant admitted that her insurance had been expired and that she had received the October 31, 1984, warning letter from Superintendent Kay. Second, Kay and Mercer who both testified, personally observed the mechanical defects and the unsanitary condition of the bus on November 9, 1984. Third, appellant admitted that the photographs accurately depicted the condition of her bus.
This evidence shows that appellant operated her bus in violation of School Board policy without insurance. It further shows that, despite a warning, less than two weeks later she was maintaining her bus in a filthy condition in violation of School Board policy and that she was operating the bus without two important safety devices, the flashing lights and the fender mirror, being functional.
This record provides more than a rational basis for the School Board’s determination that appellant was guilty of the charges against her and for its decision to dismiss her.
After her discharge by the School Board appellant filed for unemployment compensation benefits. The administrator determined that appellant was ineligible for benefits because she had been discharged for misconduct connected with her employment. Appellant appealed this determination and a hearing was held before an appeals referee.
At the hearing before the referee the evidence was similar to that presented to the trial judge except that the School Board’s witnesses failed to directly address the defective lights and mirror in their tes *1199 timony. Both sides offered some evidence which was obviously hearsay. After the hearing the appeals referee affirmed the finding of disqualification and Ms. Prine appealed to the Board of Review which affirmed the decision of the appeals referee. Ms. Prine then sought judicial review of the decision of the Board of Review which was affirmed by the district judge.
Judicial review of unemployment compensation benefits appeals is confined to questions of law; the findings of the Board of Review as to facts, if supported by sufficient evidence and in the absence of fraud, are conclusive. Cox v. Lockwood, 373 So. 2d 246 (La.App. 4th Cir.1979).
Excluding the hearsay evidence, there is still sufficient evidence to support the findings of fact made by the appeals referee and affirmed by the Board of Review. These facts adequately establish that appellant was discharged for failure to maintain her bus in safe, comfortable and practical operating condition.
This court has previously held that a driver’s failure to maintain his bus in safe, comfortable and practical operating condition is misconduct connected with his employment within the meaning of LSA-R.S. 23:1601(2) to disqualify him from eligibility for unemployment compensation benefits. Sampson v. Admin’r of La. Office of Emp. Sec., 439 So.2d 458 (La.App. 2d Cir. 1983), writ den., 443 So.2d 596 (La.1983).
The evidence shows that appellant operated the bus for an extended period without liability insurance, that she failed to properly clean it leaving it in a filthy and unsanitary condition and that it was maintained in poor operating condition. In light of this evidence the district judge properly affirmed the decision of the Board of Review.
The judgment of the district court is affirmed. Costs in No. 19,131-CA are taxed against appellant.

. R.S. 17:493 provides among the grounds for which a bus driver may be dismissed wilful neglect of duty and failure to maintain his "transfer equipment in a safe, comfortable and practical operating condition."

. The hearing was not recorded and at the trial the parties attempted to reproduce the evidence heard by the School Board.