560 So.2d 585 (1990)
Georgia S. McLAUGHLIN
v.
JEFFERSON PARISH SCHOOL BOARD.
No. 89-CA-807.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1990.
*586 George H. Jones, New Orleans, for plaintiff-appellant.
Peter C. Matherne, Bastian & Wynne, New Orleans, for defendant-appellee.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
BOWES, Judge.
Plaintiff, Georgia McLaughlin, filed suit for Review of Employee Dismissal and Damages, alleging that the Jefferson Parish School Board illegally and improperly dismissed her as a tenured school bus operator. After a trial on the merits, the trial court rendered judgment in favor of the defendant, School Board, and against Ms. McLaughlin, upholding the School Board's decision to terminate plaintiff's employment and dismissing with prejudice her demand for damages. We affirm.

FACTS
Ms. McLaughlin was terminated as a result of an incident in which five-year old Tiffany Woods remained on Ms. McLaughlin's school bus after the completion of its rounds. Tiffany was later found wandering in Ms. McLaughlin's neighborhood. Tiffany is mildly mentally retarded, and, on that date, was enrolled in the special education class at Harold Keller School. The evidence presented to support McLaughlin's termination is as follows.
In September of 1987, Ms. McLaughlin drove three bus routes for Jefferson Parish, the last one of the three being driven each morning to Harold Keller Elementary School. On the Keller route, Ms. McLaughlin transported eleven children, eight of whom were special education children. On September 14th, Tiffany got on Ms. McLaughlin's bus in front of the "Around-the-Clock Nursery", where her mother had left her before going to work. When the bus arrived at the Harold Keller School, the three regular education students disembarked and then Ms. McLaughlin's bus aide began assisting the special education students. She and McLaughlin testified that, as per school board regulations, McLaughlin would stay in the driver's seat while the aide, Ms. Bodenheimer, brought each child individually to the front of the bus. The child would then disembark and meet the special education teacher, Ms. Moses.
On the date in question, Ms. Bodenheimer brought Tiffany to the front of the bus, *587 then turned around and began attending to another student. Ms. Moses testified that Tiffany did not get off the bus, so she assumed Tiffany was absent. After the remaining students had departed from the bus, Ms. McLaughlin drove to her house, which was four or five miles away. Ms. Bodenheimer got off the bus and then Ms. McLaughlin, prior to getting off, walked to the back of the bus, checking the seats as she did so, but she did not see Tiffany. Later, it was concluded that Tiffany must have gone to the back of the bus, crawled under a seat, and fallen asleep, awakening after McLaughlin had parked and left the bus. Tiffany was found about one hour later wandering in the neighborhood by McLaughlin's neighbor, who called the police.

PROCEDURE
Two days after the incident, the principal of Harold Keller School, Ms. Bowman, conducted a special hearing with Ms. McLaughlin. She recommended immediate suspension without pay. Her recommendation was adopted by the superintendent of Jefferson Parish schools and McLaughlin was notified of this decision by letter dated September 17, 1987.
A second conference was held on October 19, 1987, by Assistant Superintendent, Barbara Turner, who recommended dismissal. This recommendation was also adopted by Superintendent Protti, who notified McLaughlin by letter dated November 19, 1987. Ms. McLaughlin requested a hearing before the School Board by letter dated November 25, 1987. The hearing was held on March 28, 1988, after which McLaughlin's dismissal was affirmed.
McLaughlin's suit for review was heard by the district court on July 18, 1989. After taking the case under advisement, the trial court rendered judgment for the School Board. In its reasons for judgment, the trial court found that there were sufficient facts to support the School Board's finding that Ms. McLaughlin "did not take the proper steps to ensure the safety of the student and that this infraction of the rules was serious enough to warrant terminating McLaughlin's employment" and that Ms. McLaughlin was properly afforded her rights under the law and the Jefferson Parish personnel policies.

ISSUES
Appellant presents the following issues for review:
1. The trial court erred in finding that Appellant was afforded all of her rights guaranteed her under law and the Appellee's personnel policies in the procedural handling of her case.
2. The trial court erred in finding in its Reasons for Judgment that there were enough facts to justify Appellee School Board's decision to terminate Appellant.
In Ivy v. Natchitoches Parish School Bd., 428 So.2d 1332, 1333 (La.App. 3 Cir. 1983), writ den. 433 So.2d 180 (La.1983), the court said:
This court has previously been faced with reviewing the termination of a school bus driver by a local school board. In Allen v. LaSalle Parish Sch. Bd., 341 So.2d 73, 75 (La.App. 3rd Cir.1976), writ den., 343 So.2d 203 (La.1977), we said:

"The jurisprudence of our state is abundantly clear that where an administrative agency or hearing body is the trier of fact the courts will not review the evidence before such body except for the following limited purposes: (1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; (2) to determine whether or not the fact findings of the body were supported by substantial evidence; and, (3) whether or not the hearing body's conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body's discretion. Stewart v. East Baton Rouge Parish School Board, 251 So.2d 487 (La.App. 1st Cir.1971); Moffett v. Calcasieu Parish School Board, 179 So.2d 537 (La.App. 3rd Cir.1965); Barber v. Lake Charles Pipe and Supply Company, 148 So.2d 326 (La.App. 3rd Cir.1962).

*588 Furthermore, in Sampson v. Lincoln Parish School Bd., 439 So.2d 454, 456 (La. App. 2 Cir.1983), it was stated that:
The standard of judicial review of a school board's action is whether there is a rational basis for the board's determination supported by substantial evidence insofar as factually required. The reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board's good faith exercise of discretion. The court's inquiry should be limited to a determination of whether the action of the school board was in accordance with the authority and formalities of the tenure law, was supported by substantial evidence, or, conversely, was an arbitrary decision and thus an abuse of discretion.

Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976); Allen v. LaSalle Parish School Board, 341 So.2d 73 (La.App.3d Cir.1976), writ refused 343 So.2d 203 (1977).
See also Prine v. West Carroll Parish School Bd., 516 So.2d 1196 (La.App. 2 Cir. 1987).
Appellant first alleges that, because the Jefferson Parish School Board did not conduct a hearing within 45 days of termination of employment, its members should have dropped the charges against her and reinstated her employment.
La.R.S. 17:493 A, pertinent to the removal of tenured bus drivers, provides as follows:
A permanent school bus operator shall not be removed from his position except upon written and signed charges of willful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in a safe, comfortable, and practical operating condition, or of being a member of or contributing to any group, organization, movement, or corporation that is prohibited by law or injunction from operating in the state, and then only if found guilty after a hearing by the school board of the parish or city in which the school bus operator is employed. An additional ground for the removal from office of any permanent school bus operator shall be the abolition, discontinuance, or consolidation of routes, but then only if it is found as a fact, after a hearing by the school board of the parish or city, that it is in the best interests of the school system to abolish, discontinue, or consolidate said route or routes.
A review of the record reflects that the School Board complied with all the formalities of this statute, and, therefore, Ms. McLaughlin's rights were protected under this statute. See Ivy v. Natchitoches Parish School Bd., supra.
The Jefferson Parish Public School System policy manual for bus drivers, Section IV(B)(3) states:
Permanent school bus operators shall not be removed from their position except upon written and signed charges of willful neglect of duty, or incompetence, or immorality, or drunkenness or drug abuse while on duty, or physical disability to perform duties, or fail to keep transfer equipment in safe, comfortable and practical operating condition, or of being a member of or contributing to any group, organization, movement or corporation that is prohibited by law or injunction from operating in the State of Louisiana, and then only if found guilty after a hearing by the School Board of the parish in which the school bus operator is employed. The hearing required under this section shall be held not later than forty-five (45) days following the receipt of notice of the charges by the accused driver unless an extension of time is mutually agreed upon.
There is no penalty provided in the policy manual for failure to comply with the 45-day time limitation. Nevertheless, Ms. McLaughlin argues that the failure to hold the hearing within this 45-day period operated to deprive her of her procedural due process rights.
Due process requires that one be apprised of the charges against him and that he be given a fair opportunity to defend *589 himself by confronting the witnesses against him. U.S. Const. Amend. XIV; La. Const. Art. 1, Sec. 2. However, no set or fixed procedure is sacramental; instead each case must turn on its own facts. White v. Board of Sup'rs. of Southern University, 365 So.2d 583 (La.App. 1 Cir. 1978).
In the case sub judice, the record shows that the appellant was informed of the charges against her on at least two occasions and was afforded a full hearing in which she was represented by counsel and was able to confront the witnesses against her.
Furthermore, to justify relief for a failure to provide procedural due process in an administrative proceeding, there must be a showing of substantial prejudice. Joseph v. St. Charles Parish School Bd., 736 F.2d 1036 (C.A.5, 1984). Accordingly, the fact that the hearing was not held within 45 days does not warrant reversal unless the plaintiff can show some prejudice to her as a result thereof. Here, no such showing was made. Accordingly, we find appellant's allegation that she was denied procedural due process to be without merit.
In her second assignment of error, plaintiff alleges that the trial court erred in finding sufficient facts to justify her termination.
At the conclusion of the administrative hearing, the School Board members unanimously found that plaintiff had neglected her duty. They expressed this finding by voting "yes" to the following questions put to them:
"Is it failure to check the bus thoroughly at the conclusion of the morning route allowing a five-year-old M.R. child to remain asleep on the bus, at some point awakened in the morning and wander into the neighborhood?"
Our review of the record reflects that the fact findings of the School Board were supported by substantial evidence. We further find that the School Board's conclusion that, from these factual findings, plaintiff was sufficiently negligent in her duties to warrant her dismissal was not arbitrary and did not constitute abuse of the School Board's discretion.
Ms. McLaughlin, in her brief, argues that she was never given instructions by the School Board on how to load or unload special education children. However, Ms. McLaughlin was found to be in neglect of duty by her failure to notice or find Tiffany Woods still on the bus at the conclusion of her morning run. We note that, at the administrative hearing, plaintiff acknowledged that she had received a memorandum from the Director of Transportation seven months earlier which advised bus drivers to check their buses thoroughly at the conclusion of a.m. and p.m. routes to avoid situations in which children are inadvertently left on the bus. Plaintiff testified that she did check her bus and that she did not see Tiffany Woods or anyone else. Despite this check, Tiffany Woods was found in the neighborhood approximately one hour later. The only logical conclusion as to how she got there is that she departed from the bus after Ms. McLaughlin's check. Obviously then, appellant had not made a thorough search of the bus after she returned home. We believe that this evidence firmly supports the School Board's findings and that their conclusion that plaintiff was in neglect of duty was not arbitrary nor an abuse of discretion.
Secondly, plaintiff alleges that she was improperly disciplined because her bus attendant received a lesser sanction (fifteen-day suspension without pay) and because the special education teacher received no sanction. We believe that it is within the discretion of the School Board to determine the sanctions to impose on its personnel and that this appellate court may only determine whether the sanctions imposed are arbitrary and abusive, and not whether they are equal. Again, we find no abuse of discretion in the sanctions imposed.
Finally, plaintiff argues that her actions do not constitute willful neglect because she did not knowingly and consciously fail to observe Tiffany Woods when she inspected her school bus at the conclusion of her morning run. However, L.R.S. *590 17:493 A has never been interpreted to mean that an employee must intentionally neglect his duties before he can be terminated. See Allen v. LaSalle Parish School Bd., 341 So.2d 73 (La.App. 3 Cir. 1976) (use of corporal punishment by a school bus driver against 12-year old student who verbally derided bus driver was excessive and amounted to willful neglect of duty or incompetence).
Therefore, we find no merit in appellant's contention that insufficient evidence was presented to justify the School Board's decision to terminate her employment.
For the above reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.