672 So.2d 961 (1996)
Murphy ALLO, Jr.
v.
George HORNE, et al.
No. 95-CA-00713.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1996.
Rehearing Denied May 17, 1996.
*962 James E. Shields, Gretna, for Plaintiff/Appellant, Murphy Allo, Jr.
Debra Fischman Cottrell and Margaret Diamond, McGlinchey Stafford Lang, New Orleans, for Defendants/Appellees, Jefferson Parish School Board and George Horne.
Before GOTHARD and CANNELLA, JJ., and REMY CHIASSON, J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
Plaintiff, Murphy Allo, Jr., appeals the trial court judgment dismissing his suit against George Horne and the Jefferson Parish School Board. For the reasons that follow, we affirm.
Allo was a tenured bus driver for the Jefferson Parish School Board since 1977. In June of 1985, he was arrested and charged with obscenity, a violation of LSA-RS 14:106. Allo informed his supervisor, George Horne, of the arrest. Mr. Horne had also learned of the arrest from newspaper reports.
Horne conducted a presuspension hearing on August 22, 1985. Allo appeared at this hearing but left prior to its conclusion after the meeting became heated. Thus, Allo was provided an opportunity to be heard and to present his side of the story at this August, 1985 hearing. Allo was suspended without pay effective August 23, 1985 pending a full hearing before the School Board. Allo continued to be paid operational monies under his contract until January 1987.
Allo was eventually tried and convicted of attempted obscenity stemming from his June 1985 arrest. On October 3, 1986, following his conviction, a second administrative conference was held with Allo wherein the decision of August 22, 1985 to suspend and terminate his employment was reviewed and, based in part on Allo's conviction, upheld. *963 Following its course through the appellate process, Allo's conviction became final on July 19, 1988. Thereafter, Allo's termination hearing was held before the School Board and, in due time, the Board voted to terminate Allo's employment. He then timely appealed the Board's decision.
Allo raised numerous issues in brief to this court concerning constitutional due process violations surrounding his termination. While the record shows Allo's constitutional rights were not violated, see generally Ayio v. Parish of West Baton Rouge School Bd, 569 So.2d 234 (La.App. 1st Cir.1990), we note on Allo's motion, the trial court ordered "... that all claims in [this] action brought pursuant to U.S.C. sections 1981, 1983, 1985(3), 1986 and the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution be and the same are hereby dismissed, with prejudice ...". Thus, the only issues before us are whether the School Board was justified in terminating Allo's employment and terminating or consolidating his bus route.
Both the District Court and the Court of Appeal sit as an appellate court in reviewing decisions of the School Board. LSA-R.S. 17:443; Muggivan v. Jefferson Parish School Board, 93-CA-1017, 639 So.2d 849 (La.App. 5th Cir. 6/28/94). The appellate standard of review was discussed in Bernard v. Avoyelles Parish School Bd., 93-534, 640 So.2d 321 (La.App. 3d Cir. 2/16/94), as follows:
Where an administrative agency or hearing body is the trier of fact, the reviewing court will not review the evidence before such a body except for the following purposes: (1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; (2) to determine whether or not the fact findings of the body were supported by substantial evidence; and, (3) to determine whether or not the hearing body's conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body's discretion. Roberts v. Rapides Parish School Board, 617 So.2d 187 (La. App. 3d Cir.), writ denied, 619 So.2d 1068 (La.1993); McLaughlin v. Jefferson Parish School Bd., 560 So.2d 585 (La.App. 5th Cir.1990); Allen v. LaSalle Parish Sch. Bd., 341 So.2d 73 (La.App. 3d Cir.1976), writ refused, 343 So.2d 203 (La.1977).
The criterion for judicial review of a school board's action is whether there is a rational basis for the board's determination which is supported by substantial evidence. The reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board's good faith exercise of discretion. Thus, the court's inquiry must be limited to a determination of whether the action of the school board was in accordance with the authority and formalities of the tenure law, was supported by substantial evidence, or, conversely, was an arbitrary decision and therefore, an abuse of discretion. Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976); Sampson v. Lincoln Parish School Bd., 439 So.2d 454 (La.App. 2d Cir.1983); Allen, supra; McLaughlin, supra.
Under the school bus operator's tenure law, a school board has the discretionary authority to dismiss a school bus operator for a number of infractions, among which are physical disability and willful neglect of duty. LSA-R.S. 17:493 provides the grounds for removal, the procedures and the right to appeal and states in pertinent part as follows:
A. A permanent school bus operator shall not be removed from his position except upon written and signed charges of willful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in a safe, comfortable, and practical operating condition, or of being a member of or contributing to any group, organization, movement, or corporation that is prohibited by law or injunction from operating in the state, and then only if found guilty after a hearing by the school board of the parish or city in which the school bus operator is employed. An additional ground for the removal from office of any permanent school bus operator shall be the abolition, discontinuance, or consolidation of routes, but then only if it is found as a fact, after a hearing by the school board of *964 the parish or city, that it is in the best interests of the school system to abolish, discontinue, or consolidate said route or routes.
B. All hearings hereunder shall be private or public, at the option of the operator affected thereby. At least twenty days in advance of the date of the hearing the superintendent, with approval of the school board, shall furnish the affected operator a copy of the written grounds on which said abolition, discontinuance, or consolidation of routes is sought. The operator affected shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder, the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the operator. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
C. If a permanent school bus operator is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in a safe, comfortable, and practical operating condition, or of being a member of or contributing to any group, organization, movement, or corporation that is prohibited by law or injunction from operating in the state, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the school bus operator a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason, offense, or instance upon which the recommendation is based. Such operator may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the operator is ordered reinstated and restored to duty, the operator shall be entitled to full pay for any loss of time or salary he may have sustained by reason of the action of the said school board.
Allo argues because his arrest occurred during the summer when he was not "on duty" that his actions do not fall under the purview of R.S. 17:493. We disagree. Whether the immorality occurred while the bus driver was on duty or not is not relevant under the statute. Allo's conviction of attempted obscenity, clearly an immoral act, is prohibited by the statute and justifies the Board's determination to terminate his employment as a school bus driver for the public schools of the Parish of Jefferson.
The judicial standard of review of a tenure hearing determination is whether there is a rational basis for the school board's determination which is supported by substantial evidence insofar as factually required. The reviewing court is to grant great deference to the Board's conclusion and resulting sanction, if any. Id., Howell, supra; Roberts, supra. In light of the above discussion, we find that there existed a rational basis supported by substantial evidence for the Board's determination and sanction, i.e. Allo's termination. Here, there was clearly substantial evidence to support the Board's decision.
Concerning the termination or consolidation of the bus route, there is no evidence of record from the School Board hearing that the termination or consolidation of the bus route was done improperly or without protecting Allo's due process rights. During the School Board hearing Horne was being asked by Allo's attorney about the bus route change when a relevancy objection was lodged by Counsel for the school board relative to testimony of the bus route termination. Although the School board made it clear that they were not trying to stop this line of questioning and encouraged Allo's attorney to continue, Allo's attorney stated he was "going to discontinue this line." Allo cannot now complain that his rights were violated by the termination of the bus route when he voluntarily stopped the line of questioning *965 and offered no evidence to support this contention.

DECREE
For the foregoing reasons, the decision of the District Court and the Jefferson Parish School Board to terminate the employment of Murphy Allo, Jr. is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.