YELVERTON, J.
The Vermilion Parish School Board appeals a judgment of the district court which reversed its decision to terminate veteran bus driver Jeffrey J. Faulk, Sr. The School Board appeals the decision that its termination was arbitrary. Faulk has also answered the appeal, appealing the district court’s agreement with the School Board that Faulk’s behavior was a willful neglect of duty.
*602 FACTS
In April 1992 the School Board suspended Faulk for ten days beginning April 27. Faulk learned of the suspension on April 25, a Saturday. The following Monday morning, April 27, he drove his school bus with school children to school. For violating the suspension, the School Board charged Faulk with willful neglect of duty pursuant to La.R.S. 17:493. After a tenure hearing, the School Board found him guilty and terminated his employment. The vote for guilt was seven to one. The vote for termination was five for, two against, and one abstaining.
Pursuant to his rights under La.R.S. 17:498, Faulk appealed to the district court. Basing its decision entirely on the record of the tenure hearing, the district court reversed. Specifically, the district court concluded that the School Board’s tenure hearing under La.R.S. 17:493 was properly conducted. The court further found that there was sufficient evidence to allow the School Board to rationally conclude that Faulk knew of the suspension and its effective date prior to driving his route on Monday, April 27, 1992, and that that conduct constituted a willful neglect of duty. The district court reversed the School Board’s termination, however, finding that the School Board’s decision to terminate Faulk was arbitrary and constituted an Mabuse of the School Board’s discretion. The district court’s precise reasons for judgment as to the reversal, expressed in the form of a minute entry, were as follows:
There is also sufficient evidence to conclude that the Board’s decision to terminate Mr. Faulk was arbitrary, and constituted an abuse of the Board’s discretion. However, two board members asserted that a decision to terminate Mr. Faulk was inconsistent with the disciplinary standards applied to other employees in the past. The accuracy of this assertion was not challenged by any Board member, nor does the record contain an explanation or justification of this inconsistent treatment.
Both parties appeal. For reasons which we will hereinafter explain, we reverse the judgment of the district court and reinstate the decision of the School Board.
STANDARD OF REVIEW
“Both the District Court and the Court of Appeal sit as an appellate court in reviewing decisions of the School Board.” Allo v. Home, 95-00713, p. 3 (La.App. 5 Cir. 3/13/96); 672 So.2d 961, 963, writ denied, 96-1554 (La.9/27/96); 679 So.2d 1352. The standard of review is well-established and was set forth by this court in Bernard v. Avoyelles Parish School Bd., 93-534, p. 4 (La.App. 3 Cir. 2/16/94); 640 So.2d 321, 324 (citations omitted):
Where an administrative agency or hearing body is the trier of fact, the reviewing court will not review the evidence before such a body except for the following purposes: (1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; (2) to determine whether or not the fact findings of the body were supported by substantial evidence; and, (3) to determine whether or not the hearing body’s conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body’s discretion.
The criterion for judicial review of a school board’s action is whether there is a rational basis for the board’s determination which is supported by substantial evidence. The reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board’s good faith exercise of discretion. Thus, the court’s inquiry must be limited to a determination of whether the action of the school board was in accordance with the authority and formalities of the htenure law, was supported by substantial evidence, or, conversely, was an arbitrary decision and therefore, an abuse of discretion.
*603 In Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976), the supreme court explained that the use of the term “full hearing,” in La.R.S. 17:443, and also in La.R.S. 17:493, means that an employee can present additional evidence at the district court level. At his hearing, Faulk did not introduce any evidence of disparate treatment.
Although this case involves the application of the school bus operator’s tenure law, La.R.S. 17:493, the standard of review is the same as that under the teachers’ tenure law, La.R.S. 17:443, because the language of the statutes are virtually identical regarding a review of a school board’s decision. See Bernard, 640 So.2d 321. Therefore, we have reviewed the record in its entirety applying this standard.
WILLFUL NEGLECT OF DUTY
This court has utilized the definition of “willful neglect” as defined by Black’s Law Dictionary, Sixth Edition, as the “intentional disregard of a plain or manifest duty, in the performance of which the public ... has an interest.” Rubin v. Lafayette Parish School Bd., 93-473, pp. 15-16 (La.App. 3 Cir. 12/14/94); 649 So.2d 1003, 1015, writ denied, 95-0845 (La.5/12/95); 654 So.2d 351.
The reason why the School Board suspended Faulk effective April 27, 1992, is not relevant to this appeal. What is relevant is whether Faulk knew about the suspension. The School Board sent Faulk notice of the suspension by means of certified mail. Three attempts were made to deliver the letter on April 17, April 22, and May 2. The letter was returned to the School Board on May 4. Faulk testified that he never received notice of an attempt to deliver certified mail. Faulk was | represented by an attorney who was notified by the School Board of the suspension. On April 25, Faulk received correspondence from his attorney, notifying him of the suspension and its effective date. At the tenure hearing, Faulk admitted that he knew about the suspension from another source, by reading it in the newspaper.
The correspondence from Faulk’s attorney was a letter to the School Board, with a copy to Faulk. In that letter, his attorney expressed the opinion that the action of the School Board suspending Faulk was “illegal.” Faulk never talked to his attorney, and the attorney did not tell him that he could disregard the suspension order. At the hearing, Faulk admitted that he drove the bus on the first day of the suspension period. He testified that he did not think what he did was willful neglect of duty because he thought what the School Board had done was illegal.
As stated earlier, the district court reviewed the transcript of the tenure hearing and concluded that it was properly conducted under La.R.S. 17:493. The district court further made the finding of fact that there was sufficient evidence that Faulk knew of the suspension and drove anyway, and that this was sufficient evidence for the School Board to rationally conclude that his conduct was a willful neglect of duty. ;
Faulk complains on this appeal that both the School Board and the district court erred in finding that he knew of his suspension from employment and its effective date prior to his driving his bus route on Monday, April 27,1992, and in finding that such conduct was a willful neglect of duty. Faulk complains that this finding is contrary to the evidence presented in the case.
Faulk’s attorney’s letter, addressed to the School Board, a copy of which Faulk admitted receiving on April 25, read as follows:
Please be advised that I am in receipt of your letter dated April 16, 1992 informing Mr. Faulk that he is suspended without pay from April 27, 1992 to May 8, 1992.
|BThe action taken by the Vermilion Parish School Board is illegal. I have previously referred the Board’s attorney to *604 jurisprudence which clearly shows this action to be violative of tenure rights protected under La RS 17:493. Should the Board persist we will have no choice but to seek a declaratory judgment and injunctive relief.
Awaiting your response, we remain,
At the tenure hearing, Faulk stated that he interpreted the letter to mean that the suspension would not be implemented. However, he also agreed that he never called his attorney to find out what the letter meant. Instead, he admitted that he got the letter, knew about the order of suspension and its effective date, and drove the bus on that effective date.
In Coleman v. Orleans Parish School Bd., 93-0916, 94-0737 (La.App. 4 Cir. 2/5/97); 688 So.2d 1312, writ denied, 97-0622 (La.4/25/97); 692 So.2d 1087, the fourth circuit reviewed cases in which the school board had dismissed teachers due to a “willful neglect of duty.” The fourth circuit concluded that “teachers may be dismissed for willful neglect of duty only for a specific action or failure to act in contravention of a direct order or identifiable school policy.” Id. at p. 6, 1316.
This court has also ruled that a teacher willfully neglected his duty by refusing to comply with an order. Williams v. Avoyelles Parish School Board, 147 So.2d 729 (La.App. 3 Cir.1962).
The teacher’s tenure law, similar to the school bus operator’s law, was designed to accomplish the protection of worthy instructors from enforced yielding to political preferences and to vouchsafe to such teachers employment, after a long term of satisfactory service, regardless of vicissitudes of politics or the likes or dislikes of those charged with administration of school affairs. Reed v. Orleans Parish School Board., 21 So.2d 895 (La.App.Orleans 1945). That court went on to say that:
|fi[I]t was never intended by the Legislature that the statute could be employed as a weapon in the hands of the school teacher for the purpose of frustrating or defeating the function for which the School Boards are created. Nor can it be resorted to in aid and defense of those who ignore, neglect or refuse to obey the mandates of the Board which are passed in pursuance of its administrative authority.
Id. at 898.
There is substantial evidence that Faulk refused to obey the order of the School Board suspending him from driving his bus. We agree with the trial court that Faulk’s disobedience of the order of suspension was a willful neglect of duty.
TERMINATION
The district court found that the School Board’s decision to terminate Faulk was arbitrary and constituted an abuse of its discretion. From the reasons for judgment, it is obvious that this finding was based on the assertion by two of the School Board members that a decision to terminate Faulk was inconsistent with the disciplinary standards applied to other employees in the past.
We have studied the record of the tenure hearing at which a majority of the School Board voted to terminate Faulk’s employment. We agree with the School Board that the statements relied on by the trial judge in making this determination should not have been considered for several reasons. There was no evidence taken at the hearing regarding discipline of other tenured School Board employees on similar or dissimilar grounds. The only mention of “inconsistent disciplinary treatment” was a remark by a member of the School Board during the deliberation phase of the tenure hearing, while they were discussing motions to find Faulk guilty and to terminate him as a bus driver. The vote was seven to one in favor of finding him guilty of the charge. The vote to terminate him was five for, two against, and one |7abstention. One of the “against” votes had voted against guilt. During the *605 deliberation stage of the hearing, in executive session, one of the “against” voting members had sought to persuade his colleagues with general remarks about “inconsistent disciplinary treatment” involving principals and coaches in the recent past in the Parish of Vermilion.
No additional evidence is to be considered at the executive session. Moffett v. Calcasieu Parish School Board, 179 So.2d 537 (La.App. 3 Cir.1965). We find that it was legal error for the district court to regard these comments as evidence, and thereupon to base a conclusion that the School Board’s decision to terminate Faulk was arbitrary and an abuse of discretion.
Also, not only were the comments by the minority members in support of their vote not evidence, but also the failure of the majority voters to respond to the comments cannot be regarded as the lack of evidence. It is likewise incorrect to say that these statements by one of the dissenters went unchallenged; the majority manifested their challenge to the argument when they voted against it. The absence in the record of an explanation or justification of inconsistent treatment means nothing when the record itself contains no evidence of inconsistent treatment.
Faulk argues, in the alternative, that the expressions of the dissenting deliberators, if not evidence, may be likened to reasons for judgment. The problem with that argument is that they were not the reasons for judgment; they may have been the reasons of the minority who voted against termination, but the majority voted for termination.
Furthermore, even if there had been evidence of sanctions that other school employees had received, it would not have been relevant to the proceedings at hand. We agree with the fifth circuit that the “appellate court may only determine whether |sthe sanctions imposed are arbitrary and abusive, and not whether they are equal.” McLaughlin v. Jefferson Parish School Bd., 560 So.2d 585, 589 (La.App. 5 Cir.1990).
Therefore, we find that the district court erred in reversing the decision of the School Board which terminated Faulk for willful neglect of duty. The district court’s judgment is hereby reversed, and the determination of the Vermilion Parish School Board to dismiss Jeffrey Faulk is hereby reinstated. All costs of these proceedings are to be paid by Jeffrey Faulk.
REVERSED AND RENDERED.
THIBODEAUX, J., concurs and assigns written reasons.