| .EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by the St. John the Baptist Parish School Board from a judgment reversing its decision to terminate a tenured teacher on grounds of willful neglect of duty and dishonesty. For the following reasons, we affirm that judgment.
The following facts are undisputed. Merita Adams, plaintiff-appellee, began teaching chemistry in the St. John school system in 1993 and eventually was given tenure. During 1997 she began to suffer from work related stress. She consulted Dr. Padmini Nagaraj, a psychiatrist, who diagnosed her condition as major depression with psychotic features. She was treated with anti-depressants, but her condition did not immediately improve. In the spring of 1998 plaintiff went on paid sick leave. Although she showed improvement from time to time, the doctor’s notes showed that by the summer she was still suffering from depression.
Plaintiff apparently did not feel that she would be able to return to high school teaching for the 1998-1999 year and at first requested an unpaid leave for professional improvement. When that request was denied, she requested an unpaid sick leave and supported this request by a report from Dr. Nagaraj which stated 13that she was still suffering from depression with psychotic features. This leave was granted.
*573 During the time between the above requests, plaintiff accepted a one year teaching job at Southeastern Louisiana University. At the time she felt that teaching college students would be much less stressful than those in high school and that she could handle that position. Her psychiatrist concurred in that conclusion. Plaintiff did not inform the St. John School Board about this job during the sick leave nor was she ever asked what she would be doing during that year.
By the next school year the Board had learned about the college teaching job, and when plaintiff asked to return to her high school job she was informed that proceedings would be initiated to fire her. A hearing was held on December 9, 1999, and the result was that plaintiff was terminated for willfully neglecting her duties and being dishonest. The Board’s first conclusion was based on the theory that if plaintiff was able to teach then she had a duty to teach in the St. John system, and her not doing so constituted a willful breach of that duty. Its second conclusion was based on the idea that she had some obligation to inform it of what she was doing during the unpaid medical leave period.
Plaintiff sought relief in the district court, and after a hearing the court reversed the Board and ordered her reinstated with back pay. The Board now appeals that judgment.
In Allo v. Horne, 95-713 (La.App. 5th Cir.3/18/96), 672 So.2d 961, this court followed a long line of cases which have applied the following the standard of review of school board decisions pursuant to La. R.S. 17:443. The criterion for judicial review of a school board’s action is whether there is a reasonable basis for the board’s determination which is supported by substantial evidence. The reviewing court must not substitute its judgment for that of the board nor interfere |4with the board’s good faith exercise of discretion. Thus, the court’s inquiry must be limited to a determination of whether the action of the board was in accordance with the formalities of tenure law and was supported by substantial evidence, or was an arbitrary decision.
In the present case there are no substantial evidentiary disputes. Plaintiff was diagnosed with a serious psychological problem requiring psychiatric treatment and was approved for a one semester paid medical leave on the basis of this illness. There is no dispute about this leave. She subsequently requested an additional one year unpaid leave, supported by an opinion from her treating psychiatrist, on grounds that she did not feel ready to return to the high school class room mainly because of the perceived unruliness of the students. This leave was also granted on the basis of her continuing psychological problems. She was never asked what she would be doing during the course of that year, nor did she offer the information that she would be teaching at the college level. The only evidence bearing on the issue of her fitness to teach in college, but not in high school, was her and her psychiatrist’s belief that she could then handle the more mature college students, but was not yet ready for those in high school. The Board cited no rule or policy which would prohibit tenured teachers on unpaid sick leave from engaging in any other gainful employment during that time. Nor did it show that such leave would be denied were it established that the teacher intended to work at another job during the leave.
In Coleman v. Orleans Parish School Board, 93-0916 (La.App. 4th Cir., 2/5/97), 688 So.2d 1312, the court noted that before a finding can be made that a tenured teacher willfully neglected her duty, it must first be shown that the teacher had knowledge of the duty either through *574 warnings from supervisors or from general knowledge concerning the responsibilities and conduct of teachers. As noted above, there is no evidence of record here that the Board had any policy |ficoncerning what duties teachers on unpaid sick leave might have to the Board or to the students in the system. Sick leave on its face implies that the teacher will not be in attendance, and unpaid sick leave means that the teacher is not receiving anything of value from the Board.
Similarly, the finding that plaintiff was dishonest is not based on any policy which would preclude a teacher on unpaid sick leave from earning money, nor any rule which would have precluded the granting of such leave if the teacher were planning to be employed otherwise. That being so, there was no apparent requirement that she tell the board what she might be doing while on leave. Thus, for plaintiff not to have offered that information cannot be said to constitute an act of dishonesty.
It is clear, of course, that what the Board’s decision was actually based on was its belief that plaintiff was not medically disabled from teaching at the high school level and that she and her treating psychiatrist had fabricated that story so that plaintiff could take what she deemed to be a more attractive position. The difficulty with this position is that there is no evidence of record to substantiate it. The problem here is not that there was conflicting evidence which the Board resolved in a particular way. Had that been the case, then this court would have been required to affirm the Board’s action because it would have been based on a reasonable view of the evidence. Instead, the problem is that the only evidence of record is that presented by plaintiff and her treating psychiatrist which established that plaintiffs psychological condition was such that teaching at the college level was medically advisable, while teaching at the high school level was not.
| fiConsidering the above circumstances, we agree with the trial judge that there was no substantial evidence to show that plaintiff either willfully neglected her duties or was materially dishonest, and that the decision of the Board to terminate her must be reversed. We therefore affirm the judgment of the district judge so ruling.

AFFIRMED.